VAN CAMP, SHERIFF, ET AL., APPELLEES, v. RILEY ET AL., APPELLANTS.

458

(No. CA83-03-029—Decided
April 30, 1984.)

*Mr. Gregory Chapman* and *Mr. Thomas Herman,* for appellees.

*Mr. James A. Staley,* for appellants.

ZIEGEL, J. Appellees, Sheriff John Van Camp and Prosecuting Attorney George E. Pattison of Clermont County, Ohio, brought this action in the Common Pleas Court of Clermont County to obtain an injunction against appellants, James Riley and Wanda Riley, restraining them from engaging in the retail sale of fireworks at their place of business in Clermont County. After some preliminary maneuvering, the matter was eventually submitted to the trial court on an agreed statement of facts. The facts, insofar as they are pertinent to this appeal, are as follows:

"1. Plaintiffs, John Van Camp, Sheriff, and George E. Pattison, Prosecuting Attorney, are responsible for enforcing the provisions of the Ohio Revised Code regarding the retail sale of fireworks, pursuant to Ohio Revised Code Chapter 3743.

"2. The Defendants, James and Wanda Riley, d.b.a. State Fireworks Company, were and are the holders of Permit No. 82-0018 from the Ohio Department of Industrial Relations for the wholesale distribution of fireworks at 2099 State Route 125, Amelia, Clermont County, Ohio. * * *

"* * *

"4. The Defendants, James and Wanda Riley, d.b.a. State Fireworks Company, utilized point of sale advertising at the location in question. A majority of all purchasers were retail consumers of fireworks, as defined in O.R.C. § 3743.27(A), who were instructed and required by the Defendant and/or their agents to complete and execute a form prior to entering the storeroom for the purpose of purchasing fireworks, copies of which are attached hereto and incorporated herein as if fully set forth, marked as Exhibit 'B'.

"* * *

"6. Defendants did not arrange for the transportation or shipment of the consumer purchased fireworks from the premises at 2900 State Route 125, Amelia, Ohio. A majority of the vehicles transporting fireworks away from the premises were not marked with the placards described in O.R.C. § 3743.41.

"7. The quantities of fireworks sold were less than 1000 pounds and varied from one purchaser to the next, ranging from approximately two dollars to four hundred dollars in amount of sale. Most purchases were under one hundred dollars, with most sales made directly to the consumer in broken lots."

After receiving briefs, the trial court, in an exhaustive and well-written opinion, permanently enjoined appellants from violating R.C. Chapter 3743. Specifically, the court enjoined appellants from making any retail sales unless the buyer secured written permis-

sion from the sheriff or a municipal fire chief. Notice of appeal was duly filed and this appeal perfected. Appellants assign error as follows:

First Assignment of Error:

"The trial court erred to the prejudice of the Defendants-Appellants when it overruled Defendants-Appellants [sic] motion to quash, dissolve and dismiss the temporary restraining order."

Second Assignment of Error:

"The trial court erred as a matter of law when it misconstrued and misapplied O.R.C. Section 3743.32 and Section 3743.33 in granting a permanent injunction to the prejudice of the Defendants-Appellants."

Third Assignment of Error:

"The trial court erred to the prejudice of the Appellants when it granted a permanent injunction in this case."

Fourth Assignment of Error:

"The trial court abused its discretion to the prejudice of Defendants-Appellants when it overruled Defendants-Appellants [sic] motion for stay pending appeal."

The first and fourth of these assignments of error may be disposed of with brief comment. The problem complained of in the first assignment of error arose when appellees obtained a temporary restraining order against appellants at the same time they filed their complaint. Appellants thereafter filed a motion to dismiss and dissolve this temporary restraining order on the ground that the complaint and its accompanying affidavits did not comply with the provisions of Civ. R. 65. This motion was overruled and appellants now assign that ruling as error.

A temporary restraining order is, by its very nature, just that — temporary. It is preliminary to something else. The issue of whether the trial court was correct or whether it erred in refusing to dissolve the temporary restraining order became moot when the trial court granted the permanent injunction, since

the temporary restraining order was superseded by the permanent injunction.

We observe further that under Section 3(B)(2), Article IV, of the Ohio Constitution, and App. R. 12(A), a court of appeals has jurisdiction to review only those orders of the common pleas court which are final. A temporary restraining order is certainly not a final order. See, also, R.C. 2505.02.

Appellants' first assignment of error is accordingly held to be not well-taken.

In relation to the appellants' fourth assignment of error, this court has already determined, in a preliminary proceeding, that the trial court erred when it overruled appellants' motion for stay pending appeal. Initially, appellants sought their stay pending appeal in the trial court, as is required by App. R. 7(A). When the relief they sought was denied in the trial court, pursuant to App. R. 7(A), they applied to this court for the relief which the trial court failed to afford. Whereupon, the procedure set forth in App. R. 7(A) was followed and two judges of this court issued an order modifying the order of the trial court. Thus, the fourth assignment of error is clearly moot.

The second assignment of error involves the construction of R.C. 3743.32 and 3743.33, which provide, respectively, in pertinent part:

"Except as provided in section *3743.32* of the Revised Code, no person shall possess for sale at retail, or sell at retail, or discharge, ignite, or explode any fireworks. * * * [Emphasis added.]

"Upon written permission secured from the fire chief of a municipal corporation, or from a sheriff, fireworks may be sold and used for public or private exhibitions of fireworks in connection with fairs, carnivals, or other celebrations. In such cases parties in charge of such exhibitions shall be held strictly responsible for any damage to

persons or properties resulting from the use of fireworks so used. * * * Sections 3743.27 to 3743.43, inclusive, of the Revised Code do not prohibit any wholesaler, dealer, or jobber from selling at wholesale such fireworks as are permitted to be used by such sections or the sale of fireworks to be shipped directly out of the state."

At the outset we note that the parties differ as to the approach we should take as to our construction responsibilities. Appellants argue that R.C. Chapter 3743 is penal in nature and must therefore be strictly construed, citing *State, ex rel. Moore Oil Co.,* v. *Dauben* (1919), 99 Ohio St. 406. Indeed, R.C. Chapter 3743 does have its penal section. See R.C. 3743.99. On the other hand, appellees contend that R.C. Chapter 3743 was enacted to promote the public safety and should be liberally construed to give effect to that purpose, citing *Mason* v. *Roberts* (1971), 33 Ohio St. 2d 29 [62 O.O.2d 346].

In *Dauben,* where a city of Columbus ordinance was involved, the Supreme Court held, in the first paragraph of the syllabus, that "[s]tatutes or ordinances of a penal nature, or which restrain the exercise of any trade or occupation or the conduct of any lawful business * * * will be strictly construed and their scope cannot be extended to include limitations not therein clearly prescribed * * *." While *Dauben* uses the word "statutes" in its syllabus, as indicated it dealt with a municipal ordinance. Our research as to the progeny of *Dauben* reveals that its rule has been used for the most part in consideration of ordinances or resolutions concerned with zoning matters. *State, ex rel. Ice & Fuel Co.,* v. *Kreuzweiser* (1929), 120 Ohio St. 352, 356; *State, ex rel. Spiccia,* v. *Abate* (1965), 2 Ohio St. 2d 129 [31 O.O.2d 228]; *Brown* v. *Cleveland* (1981), 66 Ohio St. 2d 93 [20 O.O.3d 88]; *Saunders* v. *Zoning Department* (1981), 66 Ohio St. 2d 259 [20 O.O.3d 244]. It is well-settled that as zoning regulations deprive the owners of real property of certain uses thereof, and are in derogation of the common law, they must be strictly construed and not extended by implication. 10 Ohio Jurisprudence 3d (1979) 343, Buildings, Zoning and Land Controls, Section 142.

Further, while zoning regulations must bear a reasonable relationship to public health, safety, morals, or welfare in order to surmount the constitutional question of the legitimate exercise of the police power, they concern restrictions on the use of land and are local in operation. On the other hand, the enactments of the legislature in the exercise of its police power are statewide in their application, and deal, not so much with restrictions of the use of land, but rather with businesses which, if not regulated, would pose a threat to the health, safety and welfare of all the people of the state. *Mason* v. *Roberts, supra,* dealt with such a situation (liquor regulations) and the Supreme Court held that such a statute is to be " '* * * liberally construed, to the end that the health, safety and welfare of the people of the state shall be protected * * *.' " *Id.* at 32.

In its opinion the trial court stated that it was:

"* * * convinced, as was the intent of the legislature by its enactment of the fireworks laws specifically under Title 37 of the Revised Code entitled 'Health-Safety-Morals,' that the statutes in issue in the case *sub judice* bear a real and substantial relation to the public's health and safety. As such, they are entitled to be interpreted in such a manner as will accomplish the manifest objective and purpose of the statute. *Bates* v. *State* (1927), 27 Ohio App. 391, 398."

We agree and will proceed with our analysis accordingly.

First, however, we must dispose of some confusing language in R.C.

3743.32, quoted above. That section begins "[e]xcept as provided in section 3743.32 of the Revised Code," which is like stating that "except as herein provided, 'no person shall * * *.' " Such language is clearly absurd. Either all of the language of the section is an exception to something, in which case there is no reference to that which forms the basis of the exception, or the phrase has no meaning. R.C. 3743.33, however, does indeed provide exceptions to the absolute prohibitions of R.C. 3743.32 by stating the circumstances under which a person, even though prohibited from doing so under R.C. 3743.32, may sell fireworks at retail. We agree with the trial court's conclusion that the phrase "[e]xcept as provided in Section 3743.32 of the Revised Code" should read "[e]xcept as provided in section 3743.33 of the Revised Code." This is the only way we can effectuate the obvious intent of the legislature's statutory scheme. *Stanton* v. *Frankel Bros. Realty Co.* (1927), 117 Ohio St. 345, 349-351. Both parties to this appeal agree with this substitution.

The factual basis for the second assignment of error rests on paragraphs 4, 6, and 7 of the agreed statement of facts quoted above. The form referred to in paragraph 4 was to the effect that the purchaser agreed that the merchandise being purchased was for shipment directly out of state. The trial court found that those sales mentioned in paragraph 7 were retail sales, *i.e.,* sales to a consumer and not for the purpose of resale. In this appeal, appellants do not contest that finding, but contend that where such sales are for shipment directly out of state they are permitted under R.C. 3743.33. The trial court held that retail sales were prohibited by R.C. 3743.32, and that the only exception to that prohibition in R.C. 3743.33 is when written permission is obtained from a fire chief or sheriff and the fireworks are to be used "for fairs, carnivals or other celebrations." Appellants urge that this construction of the final sentence of R.C. 3743.33, *i.e.,* "Sections 3743.27 to 3743.43, inclusive, of the Revised Code do not prohibit any wholesaler, dealer, or jobber from selling at wholesale such fireworks as are permitted to be used by such sections or the sale of fireworks to be shipped directly out of the state," is overly restrictive. They seek a ruling that would approve retail sales where the fireworks were to be shipped directly out of the state.

Appellants submit that pursuant to R.C. 1.42, which decrees that statutes shall be construed according to the rules of grammar and common usage, R.C. 3743.27 to 3743.43, inclusive, do not prohibit (1) any wholesaler, dealer or jobber from selling at wholesale those fireworks which are permitted to be used by those sections; or (2) the sale of fireworks to be shipped directly out of state. Thus, appellants claim that the sentence permits both wholesale sales and retail sales of fireworks to be shipped directly out of state. They point out that other sections of R.C. Chapter 3743 support this conclusion. Attention is invited to R.C. 3743.37 which prohibits the sale of fireworks to children under the age of twelve years. Appellants argue that unless retail sales of some type are contemplated, R.C. 3743.37 is an unnecessary provision since, presumably, no wholesale purchaser of fireworks would be under twelve years of age. Our attention is also invited to R.C. 3743.29 which prescribes the manner in which fireworks shall be stored or kept for sale in a store, and to R.C. 3743.30 which prescribes how fireworks kept for sale at wholesale are to be stored. Again, it is argued that only if retail sales in a store are contemplated, is R.C. 3743.29 necessary.

Appellees' response to the argument relative to the significance of R.C. 3743.29 and 3743.37 is that R.C.

3743.33 permits retail sales with the permission of a fire chief or sheriff, and that they know of no rule which holds that a wholesaler must be over twelve years of age.

In support of their contention that R.C. 3743.33 does not permit retail sales which are to be shipped out of the state, appellees and the trial court rely on *United States* v. *Spiezio* (E.D. Pa. 1981), 523 F. Supp. 264, wherein the court was faced with the interpretation of two Pennsylvania statutes which appellees and the trial court consider to be of similar import to R.C. 3743.32 and 3743.33. In our reading of the Pennsylvania statutes, however, we note some distinct differences. 35 Pa. Stat. Ann. Section 1272, which is similar but not the same as our R.C. 3743.32, provides in relevant part:

"Except as hereinafter provided, it shall be unlawful for any person, copartnership, association, or corporation to offer for sale, expose for sale, sell at retail, or use or explode any fireworks * * *."

On the other hand, the Ohio statute uses the words "possess for sale at retail, or sell at retail," and does not use the words "offer for sale" or "expose for sale," each of which phrase is unmodified. In interpreting the above-quoted Pennsylvania statute, the court in *Spiezio* stated that " 'wholesale' sales of fireworks are prohibited by Section 1272 unless they fall within the precise limits of the Section 1275 exception." *Spiezio* at 270. That court then went on to say at 270 that:

"Section 1272's prohibition against 'sell[ing] at retail' merely sets forth one of several types of prohibited activities. Section 1272 also makes it unlawful to offer fireworks for sale or to expose fireworks for sale without the qualification that those transactions be at retail. There is no reason to permit wholesale transactions of fireworks within a state where retail sales are not allowed."

To the contrary, however, R.C. 3743.32 does not in any way prohibit wholesale transactions, even in the state, and R.C. 3743.33 confirms the right to sell at wholesale within the state such fireworks as are permitted to be sold by R.C. Chapter 3743.

Neither the federal court in *Spiezio* nor the trial court considered the types of merchandizers set forth in R.C. 3743.33, which are the same as stated in 35 Pa. Stat. Ann. Section 1275, namely "wholesaler, dealer, or jobber." In our analysis of R.C. Chapter 3743, we are handicapped by an absence of definitions. While the word "wholesaler" is not defined in R.C. Chapter 3743, it is defined elsewhere in the Revised Code. "Sale at wholesale" is defined in R.C. 1333.11(F)(2) as "any such transfer of title to tangible personal property for the purpose of resale." The same idea appears in R.C. 4307.01(C) and R.C. 4309.01(D). A "wholesaler" is, therefore, one who sells to another who is in the business of reselling the item purchased.

While there appears to be no definition for the word "jobber" in Ohio legal literature, that word is defined in Webster's Third New International Dictionary as "* * * a wholesaler who operates on a small scale or who sells only to retailers and institutions rather than to other wholesale organizations." Thus, a jobber is one who, like the wholesaler, does not sell to the ultimate consumer.

A "dealer," however, is not limited to one who sells only to one who is in the business of reselling. R.C. 4517.01(L) defines a "used motor vehicle dealer" as "any person engaged in the selling at retail." In 51 Ohio Jurisprudence 2d (1962) 229, at fn. 2, Taxation, Section 200, it is stated that the word "dealer" implies authority to purchase, to barter, or to exchange. *Cf.* R.C. 1707.01(E)(1). In none of the definitions that we have found is there any indication that a

"dealer" is not one who sells directly to a consumer, or any indication that a "dealer" is in the same category as a "wholesaler" or a "jobber." We conclude, therefore, that a "dealer" indeed does sell at retail.

While we are committed to a liberal construction of R.C. Chapter 3743 in the interest of the health, safety and welfare of the people of the state, we cannot ignore the words of the statute. The presence of the word "dealer" in the last sentence of R.C. 3743.33 leads us to the conclusion that the legislature intended to permit the retail "sale of fireworks to be shipped directly out of the state." Thus, we conclude that the trial court was in error in holding that R.C. 3743.33 does not authorize any kind of retail sale unless a sheriff's or fire chief's permission is obtained, and to that extent the decision requires modification.

Whether sales of fireworks are retail or wholesale, however, under R.C. 3743.33, they must be "shipped directly out of the state." The key word is "shipped." The trial court held that the word "ship" should be taken as used in its commercial sense, which is the delivery of goods to a common carrier for transportation. Appellants contend that this phrase does not require the seller to arrange the shipment of the goods by common carrier or otherwise, and that the buyer is normally the person who makes the decision on the shipment of a product, especially when the sale is retail. Except for the peculiar and dangerous nature of the product in the case at bar, we would agree with appellants. The legislative intent to protect the people of the state from the improper and promiscuous use of fireworks in the enactment of R.C. 3743.27 to 3743.43, inclusive, is clear. Paragraphs 6 and 7 of the agreed statement of facts, *supra*, point out the problem. In the protection of the health, safety, and welfare of its people, the state is entitled to some assurance that when fireworks are legally sold in retail for shipment directly out of the state, they will indeed be "shipped directly out of the state." The signing of a statement to that effect by the customer does not assure compliance with the law, and is indeed an easy basis for subterfuge. If the legislature intended that the customer should make the choice of how the goods were to be transported from seller's place of business to a destination out of the state, the word "taken" instead of the word "shipped" could have been used. We hold that the trial court was correct in determining that the word "shipped" meant "shipped by common carrier."

Appellants' second assignment of error is accordingly held to be well-taken in part and is overruled in part.

The third assignment of error questions the right of the trial court to issue any injunction, on two grounds: first, that appellees had an adequate remedy at law, to wit, the criminal penalties provided for in R.C. 3743.99; and secondly, that there was no showing that appellees suffered great or irreparable injury. We observe, first, that the trial court did not decide or comment on this issue. Secondly, having read appellants' brief on the ultimate issues as filed in the trial court, we note that this issue was not presented for that court's consideration. Appellants, in their motion to dismiss the temporary restraining order, mentioned that appellees' affidavit in support of the issuance of the temporary restraining order failed to state any facts showing irreparable injury. That argument, however, was not pursued in their final brief, and we consider that it was abandoned. The court of appeals is not required to consider issues not raised below. *Republic Steel Corp.* v. *Bd. of Revision* (1963), 175 Ohio St. 179 [23 O.O.2d 462]. The third assignment of error is, therefore, held not to be well-taken.

The judgment of the trial court is

modified to permit the retail sale of fireworks to be *shipped* directly out of the state and, as modified, is affirmed.

*Judgment affirmed as modified.*

HENDRICKSON, P.J., and JONES, J., concur.

ZIEGEL, retired, of the Common Pleas Court of Preble County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.