OPINION
Appellant sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "The Trial Court Erred When It Calculated Appellant's Child Support Obligation By Arbitrarily Considering Appellee As The `Primary' Residential Parent.
"SECOND ASSIGNMENT OF ERROR
 "The Trial Court Abused Its Discretion When It Failed To Adjust Appellant's Child Support Obligation To Reflect The Amount Of Time The Child Spends With Appellant Under The Parties' Shared Parenting Plan.
"THIRD ASSIGNMENT OF ERROR
 "The Trial Court Erred In Not Finding That An Adjustment To Appellant's Child Support Obligation To Reflect The Amount Of Time The Child Spends With Appellant Under The Parties' Shared Parenting Plan Was In The Best Interest Of The Child.
"FOURTH ASSIGNMENT OF ERROR
 "R.C. §§ 3109.04(K)(6), 3113.215(C) And 3113.215(B)(6)(a) Are Unconstitutionally Vague As They Give The Trial Court Unbridled Discretion To Select Which Party Will Be Considered The Obligor With Respect To A Child Support Order Under A Shared Parenting Plan."
The facts that are relevant to the issues raised on appeal are as follows. At the time of the parties' divorce in 1992, they had two minor children, Jaime and Nicholas. Pursuant to a shared parenting plan approved by the court, the children spent approximately sixty percent of their time with their mother ("appellee") and forty percent of their time with their father ("appellant"). The trial court designated appellant as the obligor parent for purposes of child support and ordered him to pay child support to appellee in compliance with the worksheet as set forth in R.C. 3113.215. At this time, appellee earned $13,000 annually as a church secretary and appellant earned approximately $130,000 annually as a pediatric dentist. Appel lant received the income tax dependency exemptions for both children.
On November 19, 1993, appellant filed a motion to terminate the shared parenting plan and name him as the residen tial parent and legal custodian of the parties' minor children. On February 9, 1995, the referee filed his report and recommendations in which he found that there were no changed circumstances to justify terminating the shared parenting plan and recommended (a) adopting the original shared parenting plan with "minor modifications" as to the schedule for Nicholas and (b) maintaining Jaime's schedule as previously established. The referee also found that even with the modified schedule of physical possession recommended therein, "* * * there is no changed circumstance which would support a modification of the current child support payable from [appellant] to [appellee] and for that reason it is recom mended that the child support should continue as previously agreed upon by the parties and ordered by the Court." Appellant filed objections which included an assertion that there were clearly changed circumstances to support a modification of the current child support order.
On October 12, 1995, the trial court entered judgment in which it found that there had occurred a change of circum stances concerning Nicholas "* * * warranting a slight modification of the joint parenting plan * * *." The trial court stated that "* * * [t]he modification does not substantively modify the allocation of parental rights and responsibilities; it merely alters the scheduling of physical time spent by Nick at each parent's respective home." The shared parenting plan with respect to Jaime remained unchanged. As part of its judgment entry, the trial court also determined that there were "no grounds for modifying child support at this time." Appellant did not appeal this order.
On May 10, 1996, appellant filed a motion to modify child support due to Jaime's emancipation and due to the implementation of the slightly revised shared parenting schedule for Nicholas. Appellant asserted that, pursuant to the trial court's October 1995 order, he had possession of his son for fifty-seven percent of the time and that his continuing obligation for child support should be modified accordingly.
The motion was heard by a magistrate on October 4, 1996. In a decision issued on October 22, 1996, the magistrate found that: (1) appellant had stipulated to an adjusted annual gross income of $177,715.00, "a substantial increase from what the existing child support order was based upon * * *;" (2) appel lee voluntarily quit her full-time job to attend college on a full-time basis and that an annual income of $9,880 should be imputed to her and (3) there was a change in circumstances warranting a modification of child support. As to appellant's argument that there should be a deviation from the statutory child support guidelines in order to reflect the amount of time his son spends with him, the magistrate found that:
 "* * * there was insufficient evidence presented at the hearing supporting any finding that the amount of support as calculated pursuant to the guidelines would be unjust, inappropriate, and not in the best interests of the child under these circumstances. The fact [appellant] is with the child fifty-seven percent (57%) of the time is not sufficient in and of itself to make a finding that the amount is automatically unjust, inappropriate, and not in the best interests of the child. In fact, the specific facts of this case relative to the incomes of the party and the overall situation reveal a scenario where the child support is and should be maintained at the normal guidelines level. The Court, therefore, finds no deviation from the schedule is appropriate. * * *"
The magistrate ordered appellant to pay as child support for the remaining minor child $1,502 per month.
On November 6, 1996, appellant filed objections to the magistrate's decision. On June 4, 1997, the trial court found that "* * * the record before the Court is not sufficient for the Court to find that the support as calculated by the schedule would be unjust or inappropriate and not in the best interest of the child." The trial court accordingly denied the objections and affirmed and adopted the decision of the magistrate. Appellant filed a timely appeal from the trial court's decision.
Appellant's first, second and third assignments of error will be considered together as they all arise from the trial court's decision not to deviate from the child support guidelines. Appellant asserts that the trial court should have deviated from the guidelines because Nicholas now spends more time with appellant than he does with his mother. Appellant cites as "extraordinary circumstances" which mandate a deviation the fact that his son spends a majority of his time with appellant; his belief that even without child support payments appellee would be able to maintain adequate housing for Nicholas; the fact that appellee quit her job to return to school, and the fact that appellee has a new husband upon whom she can rely to help with her support and in paying other expenses. Appellant further argues that a deviation from the standard child support schedule would be in his son's best interest.
In reviewing matters concerning child support, the decision of the trial court should not be overturned absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142,144. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1984), 5 Ohio St.3d 217, 219.
The Supreme Court of Ohio, in Pauly v. Pauly (1997),80 Ohio St.3d 386, held that R.C. 3113.215(B)(6)(a) applies to child support under a shared parenting order and that child support in such circumstances must be calculated in accordance with the basic child support schedule and the worksheet set forth in division (E). The Pauly court found that the statute allows for a deviation from that amount only where the application of the schedule and the worksheet would be unjust or inappropriate and not in the best interest of the child. Id. at 389.
In the case before us, the magistrate calculated the amount of child support by using the applicable schedule and worksheet. The record shows that the only evidence appellant put forth at the hearing in support of his motion was his income tax returns for the previous three years. It is clear from the magistrate's findings of fact and conclusions of law that he fully considered the evidence presented at the hearing in making a determination that there was no evidence to support a deviation from the schedule.
Upon consideration of the entire record of proceedings in the trial court and the law as set forth above, this court finds that the trial court's decision not to deviate from the statutory guidelines was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's first, second and third assignments of error are not well-taken.
In his fourth assignment of error, appellant asserts that R.C. 3109.04(K)(6), 3113.215(C) and 3113.215(B)(6)(a) are unconstitutionally vague because they give the trial court "unbridled discretion" to select which party will be the obligor with respect to child support under a shared parenting plan.
An examination of the record of proceedings in this case shows that appellant did not raise the issue of the constitutionality of these statutes in the trial court. A reviewing court is not required to consider issues not raised below. VanCamp v. Riley (1984), 16 Ohio App.3d 457, 463; Republic SteelCorp. v. Bd. of Revision (1963), 175 Ohio St. 179. Accordingly, we find appellant's fourth assignment of error not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.