DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that found appellant to be a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS PLEA, AS THE PLEA WAS ENTERED WITHOUT KNOWLEDGE OF THE CONSEQUENCE CREATED BY MEGAN'S LAW IT WAS NOT THE KNOWING AND VOLUNTARY WAIVER REQUIRED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION.
 "II. THE TRIAL COURT ERRED IN APPLYING THE PROVISIONS OF OHIO REV. CODE SECTIONS 2950 ET SEQ. AS THE LEGISLATION IS AN UNCONSTITUTIONAL DENIAL OF THE INALIENABLE RIGHTS SECURED BY ARTICLE I, SECTION 1, OF THE OHIO CONSTITUTION."
The facts that are relevant to the issues raised on appeal are as follows. On June 13, 1988, appellant entered a plea of guilty to one count of rape. Appellant's plea was accepted and he was sentenced to a term of imprisonment. On July 2, 1999, appellant filed a pro se motion to withdraw his guilty plea in which he argued that his plea was not entered knowingly, voluntarily and intelligently. Appellant asserted in his motion that, despite his protestations of innocence, his attorney advised him to plead guilty and made no attempt to investigate the case, that the state withheld exculpatory evidence in order to coerce a guilty plea, and that the trial court did not properly advise him of his right to be free from self-incrimination. On August 20, 1999, the trial court denied appellant's motion, finding after a review of the transcript of the plea proceeding that each of appellant's claims was refuted by his sworn statements during the hearing. The trial court found that it had scrupulously adhered to the requirements of Crim.R. 11 and that the plea was accepted by the court only after a determination that it was knowingly, voluntarily and intelligently made and that, accordingly, no manifest injustice would result from denial of the motion.
In his first assignment of error, appellant asserts that his guilty plea, which was entered before the effective date of R.C. 2950.01 etseq., was not made knowingly, voluntarily and intelligently because he was not aware that he might later be found to be a sexual predator.
Crim.R. 32.1 governs the withdrawal of a guilty plea:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
A defendant does not have an absolute right to withdraw a guilty plea. Once sentence has been imposed, a defendant may withdraw his plea only upon a showing that withdrawal is necessary to correct a manifest injustice. Crim.R. 32.1. A post-sentence withdrawal motion is allowable only in extraordinary cases. Statev. Smith (1977), 49 Ohio St.2d 261, 264. It is the defendant's burden to establish the existence of manifest injustice. Id., paragraph one of the syllabus.
This court notes preliminarily that the issue of R.C. 2950 and its possible effects on a motion to withdraw a guilty plea entered before the statute became effective was not before the trial court because appellant did not raise this argument in his motion to withdraw his plea. Because the issue of R.C. 2950 and its effect on the validity of appellant's guilty plea, which appellant now raises on appeal, was not raised in the trial court, it is not now properly before us. See,e.g., Van Camp v. Riley (1984), 16 Ohio App.3d 457. As to appellant's motion and the arguments raised therein, we find after reviewing the record of proceedings in the trial court that appellant did not show that granting his motion was necessary to avoid a manifest injustice. Accordingly, for the foregoing reasons, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that R.C.2950.01 et seq. is unconstitutional because it is unduly oppressive upon individuals. Appellant argues that the statute interferes with his right to privacy, subjects him to needless harassment and interferes with his right to protect his property.
The Supreme Court of Ohio recently addressed such challenges to the constitutionality of R.C. 2950.09 in State v. Williams (2000), 88 Ohio St.3d ___. In Williams, the court considered whether the sexual predator statute violates Section 1, Article I, of the Ohio Constitution by impinging upon the "natural law" rights of privacy, favorable reputation, the acquisition of property and the ability to pursue an occupation. Williams notes that Ohio courts have never held the rights of property or rights of liberty to be completely free of governmental restraint and that those "natural law" rights at times yield to governmental intrusion when necessary for the public good. 88 Ohio St. 3 at ___. "Natural law" rights, Williams notes, are of no legal force in and of themselves. Id. Williams further states that the language in Section 1, Article I, of the Ohio Constitution is not an independent source of self-executing protections. "Rather,"Williams comments, "it is a statement of fundamental ideals upon which a limited government is created. But it requires other provisions of the Ohio Constitution or legislative definition to give it practical effect. This is because its language lacks the completeness required to offer meaningful guidance for judicial enforcement." Id. at ___. Finally, Williams held that R.C. 2950 does not violate a convicted sex offender's right to privacy, right to acquire or protect property, right to pursue an occupation or right to a favorable reputation, Id. at ___ to ___, and that R.C. 2950 "* * * is reasonable legislation because, although it impacts the lives of convicted sex offenders, the statute addresses legitimate governmental interests without a detrimental effect on individual constitutional rights." Id. at ___.
Upon consideration of the foregoing, this court finds that the provisions of R.C. 2950.01 et seq. do not violate the rights secured by Article I, Section 1 of the Ohio Constitution and, accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 JAMES R. SHERCK, J., JUDGE, RICHARD W. KNEPPER, P.J., JUDGE, MARK L. PIETRYKOWSKI, J., JUDGE, CONCUR.