JOURNAL ENTRY AND OPINION
Plaintiff-appellant Richard Tucker ("appellant") appeals from the judgment of the trial court which granted a motion to dismiss in favor of Defendant-appellees William Mason, the Cuyahoga County Prosecutor (hereafter "prosecutor") and the Ohio Adult Parole Authority (hereafter "OAPA"). For the reasons set forth below, we reverse the decision of the trial court and remand.
On June 14, 2001, appellant filed his complaint against appellees OAPA and the Cuyahoga County Prosecutor, alleging breach of contract and seeking declaratory judgment. The action stemmed from a plea agreement entered into by the appellant with the State of Ohio through the prosecutor, wherein the appellant pled guilty to attempted aggravated arson, attempted Robbery and felonious assault and was sentenced to between five and fifteen years. The appellant complained that the OAPA and the prosecutor failed to honor the agreement, when they categorized him for purposes of parole eligibility based on his original indictment, rather than categorizing him based on the offenses of which he was convicted.[1]
The appellant requested the court to declare his entitlement to the terms and conditions of the plea agreement and to issue an injunction ordering compliance with the agreement via a new hearing and new categorization based on his actual conviction.
The prosecutor and OAPA both moved to dismiss the complaint for failure to state a claim pursuant to Civ.R. 12(B)(6). In its motion, the prosecutor argued that the appellant has no constitutional or inherent right to parole and therefore he has no right to challenge the OAPA's guidelines or procedures.
The OAPA argued in its motion to dismiss that the OAPA may consider conduct supporting an indictment when reviewing an inmate's eligibility for parole.[2] They argued that pursuant to statute, the OAPA exclusively administers the parole process, that the guidelines established in 1998 are discretionary, that they are allowed to use elements of offense of which an inmate was indicted but not convicted, that an inmate has no right to be considered for parole at any particular time between his or her minimum and maximum sentence, and lastly that an inmate is not entitled to declaratory judgment under R.C. 2721.03. In the alternative, the OAPA filed a motion to change venue, which was denied by the trial court as moot.
The trial court granted the prosecutor's and OAPA's motions to dismiss in a journal entry dated July 30, 2001:
 Defendant Mason's and Defendant Ohio Adult's Motions for Dismissal are both granted. Case is dismissed with prejudice at plaintiff's costs. FINAL.
 Plaintiff's Motion to Strike (7/17/01) and Defendant Ohio Adult's second motion for dismissal are both denied as moot. All clams are [dismissed with prejudice]. FINAL.
Appellant now appeals this ruling, asserting seven assignments of error for our review.
 I.
In his first assignment of error, the appellant essentially argues that the court erred in failing to include the "no just reason for delay" language in its journal entry and this failure prevents a final appealable order under R.C. 2505.02. We disagree.
Pursuant to Civ.R. 54(B), an entry of judgment involving fewer than all of the claims or parties is not final unless the court expressly concludes there is "no just reason for delay." See Noble v. Colwell
(1989), 44 Ohio St.3d 92, 540 N.E.2d 1381; Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. This does not apply, however to entries of judgment addressing all of the claims or parties in the suit.
In the case sub judice, the trial court dismissed all of the claims of the appellant in its journal entry, stating "Defendant Mason's and Defendant Ohio Adult's motions for dismissal are both granted. Case is dismissed with prejudice at Plaintiff's costs. FINAL." Therefore, it was not necessary for the court to include the "no just reason for delay" language its entry. This assignment of error is without merit.
 II.
In his second assignment of error, the appellant essentially argues that the trial court erred in failing to consider jurisdictional issues with regard to the OAPA's motion to change venue. However, as the above journal entry indicates, the trial court dismissed both motions to dismiss, therefore properly rendering the motion to change venue moot. This assignment of error is without merit.
 III.
In his third assignment of error, the appellant claims that the trial court erred in dismissing his breach of contract claim against the prosecutor and the OAPA. The appellant contends that the State of Ohio, through the prosecutor and the OAPA, breached the agreement by denying him the benefit of the bargain that was given in exchange for his guilty plea. The benefit to which the appellant contends he is entitled to is eligible to be considered for parole.
When reviewing a Civ.R. 12(B)(6) dismissal, this Court independently reviews the complaint to determine whether dismissal was properly granted. Girts v. Raaf (May 4, 1995), Cuyahoga App. No. 67774, unreported, citing State ex rel. Drake v. Athens Cty. Bd. of Elections
(1988), 39 Ohio St.3d 40, 528 N.E.2d 1253. Therefore, a reviewing court need not defer to a trial court's ruling. The standard of review for a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6), is as follows:
 Pursuant to Civ.R. 12(B)(6), in order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that [plaintiff] could prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in his favor. State ex rel. Findlay Publishing Co. v. Schroeder (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837.
State ex rel. Kaylor v. Bruening (1997), 80 Ohio St.3d 142, 144,684 N.E.2d 1228.
This Court recently addressed whether a complaint against the OAPA for breach of contract with regard to a plea agreement states a claim upon which relief can be granted in State v. Vendrick (Feb. 23, 2002), Cuyahoga App. No. 80030, unreported. In Vendrick, we held that as an agency of the state, the OAPA was bound by the state's plea agreement with the appellant. Accord State v. Butts (1996), 112 Ohio App.3d 683 (A plea agreement is contractual in nature and subject to contract standards); State v. Callahan (Oct. 6, 2000), Montgomery App. No. 18237, unreported (County prosecutors and the OAPA are agents of the state and therefore must honor agreements made by the state.)
In Vendrick, after noting that other Ohio districts have held that a plea agreement is a contract by the state that the OAPA must honor, we stated:
 * * * While the OAPA may have absolute discretion to decide whether to parole a particular offender, and may be able to consider the circumstances surrounding the offense and whether appellant could have been convicted of a more serious crime but for his plea, it must begin its decision-making process by applying the guidelines for the crime of which the appellant was actually convicted, not the crime for which he was indicted.
Vendrick at 5-6. We further stated that "we cannot conclude that appellant can prove no set of facts entitling him to relief." Vendrick,supra.
We continue to be persuaded by this reasoning and in the matter subjudice we cannot say that the appellant can prove no set of facts entitling him to relief. As such, this assignment of error is well-taken.
In his remaining four assignments of error, the appellant highlights various alleged constitutional infirmities of the guidelines employed by the OAPA in determining parole eligibility. However, these matters were not raised before the trial court. The appellant cannot raise new issues on appeal that were not raised in the trial court. See Van Camp v. Riley
(1984), 16 Ohio App.3d 457, 463, 544-545, 476 N.E.2d 1078, 1084; citingRepublic Steel Corp. v. Cuyahoga Cty. Bd. of Revision (1963),175 Ohio St. 179, 192 N.E.2d 47. See, also, App.R. 12(A); State v. 1981Dodge Ram Van (1988), 36 Ohio St.3d 168, 522 N.E.2d 524; Hungler v.Cincinnati (1986), 25 Ohio St.3d 338, 496 N.E.2d 912; C. MillerChevrolet, Inc. v. Willoughby Hills (1974), 38 Ohio St.2d 298,313 N.E.2d 400. Therefore, we need not address the appellant's remaining four assignments of error.
Judgment reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. MCMONAGLE, A.J., AND ANNE L. KILBANE, J., CONCUR
[1] Appellant was indicted for aggravated arson, aggravated robbery and felonious assault. Employing the procedures used by the OAPA, this would place the appellant in category 9 for purposes of parole eligibility, requiring the appellant to serve between 132-168 months prior to a hearing for parole consideration. However, if the OAPA had placed the appellant in a category based on his conviction, he would have been placed in category 7, which would require the appellant to serve between 84-108 months prior to consideration for parole.
[2] The OAPA noted that grand juries indict based on probable cause and that this is sufficient information upon which to rely.