DECISION AND JUDGMENT ENTRY
{¶ 1} Charter One Bank appeals the Scioto County Court of Common Pleas' decision denying its motion for summary judgment and granting Linda Carol Duncan's motion for summary judgment in her action seeking to force Charter One to pay the sum due to her pursuant to a certificate of deposit. Charter One contends that the trial court erred in denying its motion for summary judgment. Because Charter One did not demonstrate before the trial court that it is entitled to judgment as a matter of law and waived defenses asserted for the first time in this court, we disagree. Charter One also contends that the trial court erred in granting Duncan's motion for summary judgment. Although Charter One initially admitted successor liability on the CD, because the trial court permitted Charter One to amend its answer, and because Charter One thereupon filed an amended answer and affidavit denying successor liability on the CD, a genuine issue of material fact remains between the parties. Therefore, we sustain Charter One's second assignment of error and find that the trial court erred in granting Duncan's motion for summary judgment. Accordingly, we affirm in part and reverse in part the judgment of the trial court.
 I. {¶ 2} The parties do not dispute the following facts. On February 9, 1990, Civic Savings Bank issued a joint/survivor automatically renewable certificate of deposit numbered 09-7939-0-96 to Hazel Baker or Linda Carol Duncan ("the CD"). Duncan had possession of the C.D. at all relevant times. Thereafter, Charter One Bank purchased numerous Civic accounts, succeeding Civic's liability. After Hazel Baker died, Duncan presented the C.D. to Charter One for redemption. Charter One refused to redeem it.
 {¶ 3} Duncan filed suit against Charter One in the trial court seeking to force Charter One to pay her the sum due under the CD. In its answer, Charter One admitted that it had successor liability on Duncan's CD, but denied that Duncan was an owner of any interest in the CD, and further claimed that it had paid the value of the C.D. to the Guardian of Hazel Baker.
 {¶ 4} Duncan filed a motion for summary judgment and Charter One filed a memorandum in opposition. The trial court denied Duncan's motion, but granted her leave to file a second motion for summary judgment.
 {¶ 5} Duncan filed her second motion for summary judgment on May 12, 2001. Charter One did not file a memorandum contra. However, Charter One filed a motion for leave to amend its answer and file its own motion for summary judgment. The court granted Charter One leave, and Charter One filed an amended answer and a motion for summary judgment supported by the affidavit of its branch manager, Barbara Schmidt.
 {¶ 6} In its amended answer, Charter One abandoned its contention that Duncan held no interest in the C.D. and that it had properly paid the account to another. Instead, Charter One denied that it ever assumed successor liability on the CD. In the affidavit supporting summary judgment, Schmidt averred that she keeps a record of all the Civic accounts that Charter One assumed, and that her records indicate that Charter One did not assume liability on Duncan's CD.
 {¶ 7} Duncan filed a memorandum contra Charter One's motion for summary judgment. In support of her contention that Charter One was not entitled to judgment as a matter of law, Duncan cited to Charter One's original answer and other correspondence and pleadings in which Charter One indicated that it had assumed liability on the CD.
 {¶ 8} The trial court granted Duncan's motion for summary judgment and denied Charter One's motion for summary judgment. The court ordered Charter One to pay Duncan $128,243.46, "representing the original amount plus interest, which continues to accrue at the rate of 7.45% per annum, 7.70 APY, from February 9, 1990 until paid." Charter One appeals, asserting the following assignments of error: "I. The trial court erred in denying summary judgment to Charter One Bank. II. The trial court erred in granting summary judgment to Linda Carol Duncan."
 II. {¶ 9} In its first assignment of error, Charter One argues that the trial court erred in denying its motion for summary judgment. Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor.Doe v. First United Methodist Church (1994), 68 Ohio St.3d 531, 535.
 {¶ 10} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresherv. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111; Dresher, supra at 294-95.[1]
 {¶ 11} In reviewing whether an entry of summary judgment is appropriate, we must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
 A. {¶ 12} Charter One first asserts that the trial court erred in denying its motion because Duncan did not bring her suit within the time allotted by R.C. 1109.69(F). However, Charter One did not raise the statute of limitations contained in R.C. 1109.69(F) in the trial court. Errors not raised in the trial court are waived and may not be assigned on appeal. Van Camp v. Riley (1984), 16 Ohio App.3d 457, 463. "The fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210, citing State v. Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus.
 {¶ 13} Charter One contends that it raised "the applicable statute of limitations" in its amended answer. However, upon reading the amended answer in full, we find this argument disingenuous. Charter One clearly raised only the statute of limitations contained in R.C. 1303.16(E), which it described as "the applicable statute of limitations." Charter One did not, by raising R.C. 1303.16(E) as a defense, bring the statue of limitations contained in R.C. 1109.69(F) to the trial court's attention or ask the court to consider it. Therefore, Charter One waived the issue.
 B. {¶ 14} Charter One next contends that the trial court erred in denying its motion for summary judgment because its amended answer "nullified" its original answer, and therefore no evidence exists to rebut its contention that it never assumed successor liability on Duncan's CD. Charter One further contends that the trial court erred in denying its motion for summary judgment because Duncan did not present any evidentiary materials in response to its motion for summary judgment.
 {¶ 15} As a general rule, parties are bound by their written admissions made in the progress of a case. Peckham Iron Co. v. Harper
(1884), 41 Ohio St. 100, 106. An admission of a material fact in a pleading dispenses with the opposing party's burden to offer any evidence of that fact. Gerrick v. Gorsuch (1961), 172 Ohio St. 417, 420. Parties cannot simply repudiate their written admissions at pleasure. Peckham at 106; see, also, Civ.R. 15; Badalamenti v. Kirkland (Nov. 29, 1991), Lake App. No. 90-L-15-151.
 {¶ 16} Notwithstanding the general rule regarding admissions, a trial court should freely give a party leave to amend his pleading "when justice so requires." Civ.R. 15(A). For procedural purposes, when an amended pleading asserts a claim or defense arising from the same conduct, transaction, or occurrence set forth in the original pleading, the amended pleading "relates back" to the date of the original pleading. Civ.R.15(C). However, the amended pleading does not, as Charter One argues, wipe out the original altogether. Rather, any admissions contained in the original pleading still may be offered as evidence, even after a party has amended his original pleading with leave of the court.Hersch v. E.W. Scripps Co. (1981), 3 Ohio App.3d 367, 375; Badalamenti,supra. Once the court accepts an amended pleading, the party's original admission to a material fact is no longer conclusive evidence of that fact. Hersch at 375; Badalamenti, supra. Instead, the competing admissions give rise to a genuine issue of fact. Id.
 {¶ 17} Because parties are bound by written admissions made in the progress of a case, and those admissions may constitute evidence of any material fact regardless of later repudiation, we disagree with Charter One's contention that its amended answer nullified its original admission. Charter One's original admission constitutes evidence contrary to Schmidt's affidavit, and therefore Duncan's reliance upon the original admission was sufficient to prevent summary judgment against her.
 {¶ 18} Accordingly, we find that the trial court did not err in denying Charter One's motion for summary judgment, and we overrule Charter One's first assignment of error.
 III. {¶ 19} In its second assignment of error, Charter One contends that the trial court erred in granting Duncan's motion for summary judgment.
 A. {¶ 20} Charter One first asserts that the trial court erred in entering judgment in Duncan's favor because Duncan did not present any evidence tending to prove its liability. Charter One again relies upon its argument that its amended answer rendered the admissions contained in its original answer a nullity. However, as we found when considering Charter One's first assignment of error, even though the trial court permitted Charter One to amend its answer, its original admissions nonetheless constitute evidence that may give rise to a genuine issue of material fact. Because Duncan presented evidence, in the form of Charter One's admissions contained in its original answer, to support her motion, we disagree with Charter One's assertion that Duncan failed to support her motion with appropriate evidentiary materials.
 B. {¶ 21} Charter One also asserts that the trial court erred in entering judgment in Duncan's favor because it presented evidence, in the form of its amended answer and supporting affidavit, which created a genuine issue of material fact regarding whether it succeeded Civic's liability on the CD.
 {¶ 22} Duncan contends that the trial court did not err in granting her motion for summary judgment because Charter One is bound by its original admission that it succeeded Civic's liability on the CD. Duncan relies upon the general rule that a party is bound by his admissions and cannot repudiate them at will. Peckham, supra, at 106. However, in this case the trial court allowed Charter One to amend its answer. Duncan did not file a cross-assignment of error alleging that the trial court abused its discretion in permitting Charter One to amend its answer.
 {¶ 23} As we noted in considering Charter One's first assignment of error, once the court accepts an amended pleading under Civ.R. 15, the party's original admission to a material fact is no longer conclusive evidence of that fact. Hersch at 375; Badalamenti, supra. Rather, the party's original admission merely constitutes evidence that may be challenged or overcome. Thus, as Charter One asserts, its amended answer and supporting affidavit, when considered in contrast to its original answer, give rise to a genuine issue of material fact regarding whether it succeeded Civic's liability over this particular CD.
 {¶ 24} Duncan contends that the trial court nonetheless did not err in granting her motion for summary judgment because Charter One failed to file a memorandum contra. Instead, Charter One relied merely upon its own motion for summary judgment, its amended answer, and its supporting affidavit.
 {¶ 25} After a movant files and supports a motion for summary judgment, Civ.R. 56(E) requires the party opposing summary judgment to file a response "by affidavit or as otherwise provided in this rule," that sets forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). Civ.R. 56(C) requires the court to examine "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts in the pending case, and written stipulations of fact, if any, timely filed in an action" before granting a motion for summary judgment.
 {¶ 26} In this case, Charter One did not file a document styled as a memorandum contra Duncan's motion for summary judgment. However, Charter One filed Schmidt's affidavit, which set forth specific facts (that Charter One only succeeded liability on specific Civic accounts) that show that a trial should determine the issue of whether Charter One succeeded liability on Duncan's CD. Civ.R. 56(E) merely requires the party opposing summary judgment to file a responsive affidavit. The affidavit that Charter One filed is responsive to Duncan's motion in that it contains evidence of facts directly contrary to the evidence Duncan offered in support of her motion. Therefore, we find that Charter One's affidavit constituted an adequate response to prevent summary judgment.
 C. {¶ 27} Finally, Charter One contends that the trial court erred in calculating the interest due to Duncan when the interest rates were not placed into evidence. However, based upon our determination that a general issue of material fact exists regarding whether Charter One succeeded Civic's liability on the C.D. at issue, this issue is moot. Accordingly, we decline to address it. App.R. 12(A)(1)(c).
 IV. {¶ 28} In sum, we find that the trial court did not err in denying Charter One's motion for summary judgment, but that the trial court erred in granting Duncan's motion for summary judgment, because a genuine issue of material fact exists between the parties regarding whether or not Charter One succeeded Civic's liability on Duncan's C.D. account. Accordingly, we affirm in part and reverse in part the judgment of the trial court, and we remand this cause for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Dissents with Dissenting Opinion.
Abele, J.: Concurs in Judgment only.
[1] We note that in Dresher the Ohio Supreme Court explicitly limited the holding of paragraph three of the syllabus in Wing, and held that the trial court must take into account both the burden on the moving party as well as that on the nonmoving party. Dresher at 295.