OPINION *Page 2 
{¶ 1} Defendant-appellant American National Property Casualty Company appeals the July 25, 2007 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of plaintiffs-appellees Bonnie and Clarence Workman.
 STATMENT OF THE FACTS AND CASE {¶ 2} This matter arises out of an automobile accident in which Daniel Crawn went left of center colliding with a vehicle driven by Sandra Stevens. Bonnie Workman and Donna Grantham were passengers in Steven's vehicle. The accident occurred on U.S. 231 in Crawfordsville, Indiana on July 23, 2005.
 {¶ 3} As a result of the collision, Bonnie Workman, Sandra Stevens and Donna Grantham suffered bodily injuries. Daniel Crawn suffered fatal injuries.
 {¶ 4} On the date of the accident, Richard and Sandra Stevens were insured through an automobile liability policy with American National Property Casualty Company (hereinafter "ANPAC"), with limits of $250,000 per person/$500,000 per accident. ANPAC also issued an umbrella policy to Richard and Sandra Stevens with limits of $2,000,000 per occurrence.
 {¶ 5} Grange Mutual Casualty Company (hereinafter "Grange") issued an automobile liability policy to Daniel Crawn with limits of $250,000 per person/$500,000 per accident. Grange tendered its full available limits of $500,000 to Sandra and Richard Stevens, Bonnie and Clarence Workman and Donna and Thomas Grantham, in exchange for a full and final release of all claims against Daniel Crawn. *Page 3 
 {¶ 6} ANPAC refused to consent to the settlement agreement, refused to release Daniel Crawn from liability and advanced the $500,000 tendered by Grange on behalf of its insured to Sandra and Richard Stevens, Bonnie and Clarence Workman and Donna and Thomas Grantham, retaining its subrogation rights against Daniel Crawn.
 {¶ 7} Appellees sought the limits of ANPAC's liability and umbrella policies with the Stevens. ANPAC argued the liability limits of the ANPAC automobile liability policy issued to the Stevens is equal to the liability limits of the tortfeasor; therefore, Appellees were not entitled to payment under the Steven's automobile liability policy. ANPAC paid $1,500,000 under the umbrella policy to Bonnie and Clarence Workman, Sandra and Richard Stevens and Donna and Thomas Grantham, setting off the $500,000 limits to be paid by the tortfeasor.
 {¶ 8} As a result, Appellees filed this action, and both parties filed motions for summary judgment. Via Judgment Entry of July 25, 2007, the trial court entered judgment in favor of Appellees, finding Daniel Crawn's vehicle was not an underinsured vehicle under the ANPAC policy, and ANPAC is not entitled to a setoff in the amount of $500,000 on the umbrella policy. The Court reasoned if it permitted said setoff with regard to the umbrella policy, the injured parties would have been in a better position if they were struck by an uninsured motorist.
 {¶ 9} Appellant now appeals, assigning as error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT ANPAC WAS NOT ENTITLED TO A SET-OFF FOR THE TORTFEASOR'S LIMITS OF $500,000 UNDER R.C. § 3937.18." *Page 4 
 {¶ 11} In the sole assignment of error, Appellant argues the trial court erred in finding ANPAC was not entitled to setoff $500,000 of the tortfeasor's limits against the umbrella policy. Appellant argues the umbrella policy provides coverage for the net loss minus the retained limit; therefore, there is only $1.5 million in coverage available under the umbrella policy. Specifically, Appellant concludes the policy provides ANPAC will pay for losses after the retained limit is subtracted. Under the policy, "retained limit" is defined as "the limit of liability shown in the schedule of primary insurance if primary insurance is applicable."
 {¶ 12} A fundamental rule of appellate procedure is that a reviewing court will not consider as error any issue that a party failed to bring to the trial court's attention. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210, 436 N.E.2d 1001. Thus, a party waives the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the trial court below. Van Camp v. Riley (1984), 16 Ohio App.3d 457,463, 476 N.E.2d 1078. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process."Nozik v. Kanaga (Dec. 1, 2000), 11th Dist. No. 99-L-193, 2000 Ohio App. LEXIS 5615.
 {¶ 13} Upon review of the record, Appellant did not raise this "retained limit" argument in the trial court. While Appellant raised the general issue of setoff of the tortfeasor's limits in the trial court, the issue raised on appeal with regard to retained *Page 5 
limits subtracted from net loss was not raised below. Accordingly, Appellant's sole assignment of error is overruled.[1]
 {¶ 14} The July 25, 2007 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
 Hoffman, P.J. Wise, J. and Delaney, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] Individually, as author of this Opinion, had Appellant's "retained limits" argument been preserved for review, I would find it unpersuasive. I find the umbrella policy under review herein provides additional coverage for which a separate premium had been paid. *Page 1