OPINION
{¶ 1} Appellant appeals his conviction and sentence on one count of Possession of Crack Cocaine and one count of Trafficking in Crack Cocaine.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On September 28, 2004, officers from the Newark Police Department were conducting surveillance of a hotel in Newark, Ohio. Officers Gross and Davis observed Appellant's vehicle at said hotel and conveyed the description to Officer Wilhelm who located same and began following Appellant's vehicle. Officer Wilhelm observed Appellant pull into a convenience store parking lot and enter the store. Officer Wilhelm pulled into an alley and observed Appellant as he then exited the parking lot and made a right-hand turn. At the traffic light, Appellant turned left. At this time, Officer Wilhelm left his position in the alley, activated his overhead lights and executed a traffic stop of Appellant.
 {¶ 4} Officer Wilhelm advised Appellant that he was stopping him for failure to come to a full and complete stop when entering the roadway and crossing a sidewalk and for failure to turn on his turn signal far enough in advance of making a turn.
 {¶ 5} A search of was conducted of Appellant's vehicle which resulted in Appellant's arrest and the seizure of evidence.
 {¶ 6} On October 11, 2004, the Licking County Grand Jury indicted Appellant, Telahun Alemu, on one count of Possession of Crack Cocaine, a second degree felony, in violation of R.C. 2925.11(A)(C)(4)(d), and one count of Trafficking in Crack Cocaine, a second degree felony, in violation of R.C. 2925.03(A)(2)(C)(4)(e). Both of these counts contained a gun specification. Forfeiture also attached to both of these counts. Additionally, Appellant was also charged with Carrying a Concealed Weapon, a fourth degree felony, in violation of R.C. 2923.12(A)(2), and Possession of Marijuana, a minor misdemeanor, in violation of R.C.2925.11(A)(C)(3)(a).
 {¶ 7} On October 18, 2004, Appellant entered pleas of not guilty to each of the four counts contained in the indictment.
 {¶ 8} On January 20, 2005, Appellant filed a motion to suppress.
 {¶ 9} A hearing was held on February 16, 2005. At the conclusion of said hearing, the trial court denied said motion to suppress evidence.
 {¶ 10} On March 15, 2005, Appellant withdrew his former pleas of not guilty and entered pleas of no contest to Counts One, Two, Three and Four.
 {¶ 11} On April 6, 2005, the trial court sentenced Appellant to two (2) years imprisonment and a $7,500.00 fine on both Count One and Count Two to be served concurrently to each other. The three year sentences on the firearm specifications were to run consecutive to the other counts.
 {¶ 12} The trial court sentenced Appellant to six (6) months imprisonment and a $100.00 fine on the CCW charge, to be served consecutively to Counts One and Two. The court also ordered Appellant to pay a fine of $100.00 on the minor misdemeanor count of possession of marijuana.
 {¶ 13} The trial court also ordered the forfeiture of Appellant's vehicle, weapon and money.
 {¶ 14} Appellant filed an appeal of his sentence and conviction and this matter is now before this court for consideration. Appellant's Assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 15} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES HEREIN."
 {¶ 16} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHEN IT DETERMINED THAT THE INITIAL TRAFFIC STOP OF DEFENDANT-APPELLANT FIT WITHIN THE LIMITS PLACED UPON POLICE BEHAVIOR BY THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 17} "III. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHEN IT WAS NOT DEMONSTRATED THAT THE OFFICERS HELD A REASONABLE BASIS TO EXPAND THE TRAFFIC STOP IN QUESTION TO A DRUG INVESTIGATION."
 I. {¶ 18} In his first assignment of error, Appellant claims the trial court erred in sentencing him to consecutive sentences. Specifically, appellant claims the trial court failed to make the necessary findings for the imposition of consecutive sentences. We disagree.
 {¶ 19} R.C. § 2953.08 governs an appeal of a sentence for a felony. Subsection (G)(2) states as follows:
 {¶ 20} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 21} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 22} "(b) That the sentence is otherwise contrary to law."
 {¶ 23} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 24} Appellant argues the trial court erred in ordering the sentences to be served consecutively.
 {¶ 25} R.C. § 2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 26} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 27} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 28} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 29} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 30} R.C. § 2929.19(B)(2)(c) states the following:
 {¶ 31} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 32} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 33} Appellant argues the trial court's findings do not conform to the dictates of State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, wherein the Supreme Court of Ohio held:
 {¶ 34} "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 35} Appellant admits that in sentencing appellant to consecutive sentences, the trial court used the "magic words necessary for the imposition of consecutive sentences." (Appellant's Brief at 7). However, Appellant argues that the trial court reasons were insufficient to support such conclusions.
 {¶ 36} In the case sub judice, the trial court held:
 {¶ 37} "The Court determines that consecutive sentences are necessary in order to protect the public, to adequately to punish the defendant. The Court having imposed the minimum sentence find that the sentence is not disproportionate to the conduct of the defendant. The Court also notes that the crime committed with regard to this case is such that a single term would not adequately reflect the seriousness of the conduct of the defendant, specifically having a firearm that is loaded, he's obviously a danger not only to the defendant but to others, so, therefore, the consecutive terms the Court finds are appropriate." (Sent. T. at 14-15).
 {¶ 38} Upon review of the sentencing transcript in toto, we find the trial court's findings and reasons were sufficient under R.C. §2929.14(E)(4) and R.C. § 2929.19(B)(2)(c) to justify the consecutive nature of the sentences.
 {¶ 39} Appellant's first Assignment of Error is denied.
 II. {¶ 40} In his second assignment of error, Appellant claims the trial court erred in overruling his motion to suppress. We disagree.
 {¶ 41} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; State v. Guysinger (1993),86 Ohio App.3d 592.
 {¶ 42} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 43} Appellant argues that Officer Wilhelm lacked reasonable suspicion to make a traffic stop in the instant case.
 {¶ 44} In Terry v. Ohio (1968), 392 U.S. 1, 22, 88 S.Ct. 1868,20 L.Ed.2d 889, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980),64 Ohio St.2d 291, 414 N.E.2d 1044, paragraph one of the syllabus.
 {¶ 45} Appellant claims the facts and circumstances available to the officer were insufficient to support the stop without a warrant. We note probable cause to stop is not the same as probable cause to search or arrest. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974),38 Ohio St.2d 122, 311 N.E.2d 16. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.
 {¶ 46} In the case sub judice, the officer testified that Appellant failed to stop before crossing a sidewalk and further committed a turn signal violation in violation of R.C. 4511.39(A) which requires that a turn signal be activated at least 100 feet prior to making a turn. Appellant argues that this infraction is not sufficient to justify the traffic stop effectuated by the officer.
 {¶ 47} A police officer may stop a vehicle after observing a traffic violation. When an officer witnesses a traffic violation and stops the vehicle to issue a citation, that stop must be "supported by probable cause, which arises when the stopping officer witnesses the traffic violation." Dayton v. Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091, syllabus ("Where a police officer stops a vehicle based upon probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment * * *."); see Whren v. UnitedStates, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89; Pennsylvania v.Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331.
 {¶ 48} In the case sub judice, the officer observed appellant commit a traffic violation, he therefore had probable cause to stop appellant. SeeMoeller and Woodrum, supra; Village of McComb v. Andrews (Mar. 22, 2000), 3rd Dist. No. 5-99-41.
 {¶ 49} The law is clear that a de minimis violation of a traffic offense constitutes probable cause to stop a vehicle. See Dayton v.Erickson, 76 Ohio St.3d 3, 665 N.E.2d 1091, syllabus; State v. Wilhelm
(1998), 81 Ohio St.3d 444, 692 N.E.2d 181; State v. McCormick (Feb. 5, 2001), 5th Dist. App. No. 2000CA00204 ("The severity of the violation is not the determining factor as to whether probable cause existed for the stop."); accord State v. Weimaster (Dec. 21, 1999), 5th Dist. App. No. 99CA36; State v. Kuno (Nov. 6, 1997), 10th Dist. No. 97APC04-497 (holding that the trial court erred in finding a driver's de minimis marked-lane violation was insufficient to justify stopping the vehicle); State v.Turner (Dec. 21, 2000), 10th Dist. No. 00AP-248; State v. Gordon (Oct. 16, 2000), 12th Dist. No. CA99-12-022 ("We have previously held that the failure to operate a vehicle within a marked lane provided a sufficient basis for a stop. * * * Because probable cause existed that a traffic violation had occurred, the stop of appellant's vehicle did not violate the Fourth Amendment."); State v. Teter (Oct. 6, 2000), 11th Dist. No. 99-A-0073 ("When a police officer witnesses a motorist in transit commit a traffic violation, the officer has probable cause to stop the vehicle * * *. Upon stopping the vehicle, however, the officer may perceive facts indicating that the driver is intoxicated."); State v. Brownlie (Mar. 31, 2000), 11th Dist. Nos. 99-P-0005 and 99-P-0006; State v. Cox (May 8, 2000), 12 Dist. No. CA99-08-089; State v. Schofield (Dec. 10, 1999), 11th Dist. No. 98-P-0099; State v. Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156.
 {¶ 50} Thus, any time a police officer observes a traffic violation, regardless of its severity, he has sufficient probable cause to stop that vehicle. See id.; see, also, Woodrum and Andrews, supra.
 {¶ 51} Furthermore, stopping a vehicle based on probable cause that a traffic offense has occurred is not improper "even if the officer had some ulterior motive for making the stop, such as suspicion that the violator was engaging in more nefarious criminal activity." See Daytonv. Erickson, 76 Ohio St.3d 3, 665 N.E.2d 1091, syllabus.
 {¶ 52} Based on the foregoing, this Court finds that the trial court did not err in denying Appellant's motion to suppress based on an improper stop.
 {¶ 53} Appellant's second assignment of error is denied.
 III. {¶ 54} In his third assignment of error, Appellant argues that the trial court erred in denying his motion to suppress based on an impermissible expansion of the scope of the initial traffic stop. We disagree.
 {¶ 55} Upon review, we find that Appellant failed to raise this issue in his motion to suppress before the trial court.
 {¶ 56} A fundamental rule of appellate procedure is that a reviewing court will not consider as error any issue that a party failed to bring to the trial court's attention. Schade v. Carnegie Body Co. (1982),70 Ohio St. 2d 207, 210, 436 N.E.2d 1001. Thus, a party waives the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the trial court below. Van Camp v. Riley (1984),16 Ohio App. 3d 457, 463, 476 N.E.2d 1078. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." Nozik v. Kanaga (Dec. 1, 2000), 11th Dist. No. 99-L-193, 2000 Ohio App. LEXIS 5615.
 {¶ 57} Appellant's third assignment of error is denied.
 {¶ 58} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By: Boggins, P.J., Gwin, J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to Appellant.