[Cite as *State v. Hairston*, 2011-Ohio-2952.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2011 AP 01 0002 |
| TODD HAIRSTON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the County Court, Uhrichsville, Case No. 2010 TRD 1060


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: June 14, 2011


APPEARANCES:

For Plaintiff-Appellee

JAMES J. ONG
201 North Main Street
Post Office Box 44683
Uhrichsville, Ohio 44683

For Defendant-Appellant

GERALD A. LATANICH
TUSC. CTY. PUBLIC DEFENDER OFFICE
153 North Broadway
New Philadelphia, Ohio 44663

*Wise, J.*

{¶1} Appellant Todd Hairston appeals from his conviction for driving under suspension in the Tuscarawas County Court, Uhrichsville, Ohio. The Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On or about May 16, 2010, Patrol Officer James McConnell of the Dennison Police Department was observing traffic in his marked cruiser. At a few minutes before 10:00 PM, in the vicinity of Logan Street in Dennison, McConnell observed a blue 1994 Ford fail to use its turn signal when making a right-hand turn from an alley. McConnell thereupon made a traffic stop of the Ford, which was being driven by appellant. Upon checking appellant's information, McConnell discovered that appellant's driver's license was under a twelve point noncompliance suspension.

{¶3} McConnell testified in pertinent part as follows regarding his decision to stop appellant's automobile:

{¶4} "Q. Do you recall when you first made contact or made visual contact with Mr. Hairston's vehicle?

{¶5} "A. Yes, I do.

{¶6} "Q. Where were you located when you made contact with him?

{¶7} "A. I was along Warehouse Alley and in between South Second and South Third Street.

{¶8} "Q. Where was Mr. Hairston's vehicle?

{¶9} "A. He was turning right from the alley onto Logan. I believe it's going to be South Third Drive to South Second Drive I think is the technical alley name for it. But

he was turning off that alley right onto Logan Street whenever I observed him not use his turn signal.

{¶10} "Q. Do you have any idea about how far behind you were, how close in proximity your cruiser was to Mr. Hairston's vehicle when you observed him?

{¶11} "A. I would have been at the very beginning of South Second Drive and he would have been, I would have been at Warehouse Alley and South Second Drive and he would have been at South Second Drive and Logan Street so it was a short distance, the alleyway.

{¶12} "Q. Was there anything blocking your view --

{¶13} "A. No.

{¶14} "Q. --of his vehicle? And you had indicated on the record that Mr. Hairston did not use his turn signal; is that correct?

{¶15} "A. That is correct.

{¶16} "Q. Any chance you were mistaken on this?

{¶17} "A. No.

{¶18} "Q. Did you see any turn signal of any sort while following Mr. Hairston?

{¶19} "A. Nope.

{¶20} "Q. Was it at night during the traffic stop?

{¶21} "A. Yes.

{¶22} "Q. Safe to say that if the blinker were used, there would have been some illumination that would have caught your attention?

{¶23} "A. It would have.

{¶24} "Q. And you didn't see anything?

**{¶25}** "A. No, I did not." Tr., September 23, 2010, at 5-6.

**{¶26}** Appellant was thereafter charged, via traffic summons, with driving under suspension (R.C. 4510.11) and failure to use a turn signal (Dennison Ordinances Sec. 72.16). He entered pleas of not guilty. The case proceeded to a bench trial on September 23, 2010. Appellant, via counsel, obtained leave to further brief some of the legal issues pertaining to turn signal usage. Furthermore, on October 14, 2010, appellant filed a written motion to suppress evidence. The trial court, on November 23, 2010, heard additional evidence and arguments pertaining to the issue of suppression.

**{¶27}** On December 1, 2010, the trial court issued a combined judgment entry denying appellant's motion to suppress and finding him guilty on both charges. On December 21, 2010, the trial court issued a final judgment entry with sentencing provisions. Appellant was ordered, inter alia, to serve 90 days in jail, with 65 days suspended.

**{¶28}** On January 6, 2011, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶29}** "I. THERE WAS NO REASONABLE AND ARTICULABLE SUSPICION TO PULL OVER THE DEFENDANT'S VEHICLE."

I.

**{¶30}** In his sole Assignment of Error, appellant contends the trial court erred in denying his motion to suppress the evidence obtained from the traffic stop. We disagree.

**{¶31}** A de minimis violation of traffic laws, including an observed turn signal violation, constitutes probable cause for a law enforcement officer to stop a vehicle. See *State v. Alemu*, Licking App.No. 2005CA00039, 2005-Ohio-5955, ¶ 46 - ¶ 47.

**{¶32}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. See *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726.

**{¶33}** In the case sub judice, we read appellant's brief as contending that the trial court failed to correctly decide the facts connected to the motion to suppress. In reviewing this type of challenge, we must determine whether said findings of fact are against the manifest weight of the evidence. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine, and it is not an appellate court's function to substitute its judgment for that of the factfinder. See *State v. Ivers* (Dec. 23, 1999), Licking App.No. 99CA48, 2000 WL 1480 (internal citations omitted).

**{¶34}** Appellant herein called Ryan Presutti as an eyewitness in support of his suppression motion. Presutti, an acquaintance of appellant, was standing in front of a nearby garage on the evening in question. In his testimony, Presutti maintained that based on the relative positions of the vehicles and structures in the area, Officer

McConnell could not have seen whether appellant had used his signal. See Tr., November 23, 2010, at 4-5.

{¶35} The trial court was thus presented with two versions of the events leading to the traffic stop. However, as the State properly observes in its brief, the trial court had the duty to determine which portrayal of events was more credible. Under the circumstances presented in this case, we are disinclined to attempt to substitute our judgment for that of the trial court, which reviewed the evidence and heard the testimony firsthand.

{¶36} Appellant's sole Assignment of Error is overruled.

{¶37} For the reasons stated in the foregoing opinion, the judgment of the Tuscarawas County Court, Uhrichsville, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

                                              JUDGES

JWW/d 0527

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TODD HAIRSTON | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011 AP 01 0002 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court, Uhrichsville, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES