OPINION *Page 2 
{¶ 1} Defendant-appellant David M. Untied appeals his sentences and convictions entered in the Muskingum County Court of Common Pleas.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On May 1, 1996, Appellant David M. Untied was indicted by the Muskingum County Grand Jury on three counts of theft by deception, in violation of R.C. 2913.02(A)(3).
 {¶ 4} The first two counts stemmed from Appellant taking money to build two separate houses and never completing the work. The third count stemmed from Appellant purchasing toys with a check he later canceled after receiving the merchandise.
 {¶ 5} Appellant was arraigned on May 8, 1996, and released on his own recognizance. Following various and multiple motions and continuances and an appeal to this Court, followed by an appeal to the Ohio Supreme Court, the matter commenced to trial.
 {¶ 6} Upon appellant's motion, the trial court severed the charge in Count Three from the charges in Counts One and Two.
 {¶ 7} Count Three of the indictment was tried to a jury on November 8 and 9, 2000. The jury returned a verdict of guilty on November 9, 2000.
 {¶ 8} Counts One and Two were tried to a jury on February 21 through February 23, 2001. On February 23, 2001, the jury returned a verdict of guilty on both counts. *Page 3 
 {¶ 9} On February 23, 2001, the trial court proceeded with sentencing on all three counts. The trial court sentenced appellant to a determinate sentence of two years in prison on Count One, a determinate sentence of two years in prison on Count Two and a determinate sentence of one year in prison on Count Three. The trial court ordered that the sentences be served consecutive to each other, for a total sentence of five years.
 {¶ 10} On March 5, 2001, appellant filed a Motion for a New Trial and a Motion to Arrest Judgment. Subsequently, on that same day, appellant filed a Notice of Appeal. On March 8, 2001, the State filed a "Motion to Dismiss Appellant's Motion for New Trial, Motion to Arrest Judgment and Notice of Appeal."
 {¶ 11} The State claimed that appellant's handwritten motions were illegible denying the State the ability to respond.
 {¶ 12} On March 21, 2001, appellant filed an Amended Motion to Arrest Judgment.
 {¶ 13} On March 22, 2001, the trial court issued a Judgment Entry that granted appellant twenty days to file an amended motion for new trial and gave the State ten days to respond.
 {¶ 14} On April 10, 2001, appellant filed an Amended Motion for New Trial. The Amended Motion for New Trial was typewritten.
 {¶ 15} This Court dismissed Appellant's appeal, holding that the trial court did not rule upon Appellant's Motion for New Trial, or Appellant's Motion to Arrest Judgment, and that these motions remain undetermined in the trial court. Accordingly, this is not a final appealable order. *Page 4 
 {¶ 16} By Judgment Entry filed December 27, 2005, the trial court filed Findings Upon Review of Record and Order, specifically overruling Appellant's motion for new trial, motion to arrest judgment, amended motion for new trial and Demand for Reconsideration.
 {¶ 17} Appellant now appeals his convictions and sentences, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 18} "I. THE TRIAL COURT IMPROPERLY CONDUCTED TWO SEPARATE TRIALS UPON THE APPELLANT UNDER THE SAME CASE NUMBER IN VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF THE LAWS.
 {¶ 19} "II. THE APPELLANT WAS DENIED HIS DUE PROCESS RIGHT TO A SPEEDY TRIAL IN DIRECT VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.
 {¶ 20} "III. IN CASE NUMBER 96-CR-0066A, THE TRIAL COURT ERRED BY ALLOWING COUNT THREE OF THE ORIGINAL INDICTMENT TO BE SUBSTANTIVELY AMENDED WITHOUT FIRST HAVING THOSE CHARGES TAKEN BACK BEFORE THE GRAND JURY IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.
 {¶ 21} "IV. IN CASE NUMBER 96-CR-0066A, THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION BY NOT ALLOWING DEFENSE EXHIBIT `A' INTO EVIDENCE IN VIOLATION OF THE APPELLANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION. *Page 5 
 {¶ 22} "V. IN CASE NUMBER 96-CR-0066B, THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A JURY VERDICT AND THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 23} "VI. THE INDICTMENT AGAINST THE PETITIONER AS TO ALL COUNTS AGAINST THE APPELLANT WAS CONSTITUTIONALLY DEFECTIVE AND INSUFFICIENT IN DIRECT VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.
 {¶ 24} "VII. THEFT BY DECEPTION AS USED AGAINST THE APPELLANT IN THIS CASE WAS UNCONSTITUTIONAL AND IMPAIRED THE OBLIGATION OF A CONTRACT."
 I. {¶ 25} In Appellant's first assignment of error, he argues that the trial court erred in conducting two separate trials in this matter. We disagree.
 {¶ 26} Specifically, Appellant argues that it was error for the trial court to not assign two different case numbers in the case sub judice.
 {¶ 27} Upon review, we find Appellant's argument to be without merit in that the original case number in this matter was CR96 — 0066. However, Appellant filed a Motion to Sever in this matter and after granting Appellant's motion to sever, the trial court assigned case numbers of CR96-0066A and CR96-0066B to such bifurcated cases.
 {¶ 28} We therefore find such assignment of error not well-taken. Appellant's first assignment of error is overruled. *Page 6 
 II. {¶ 29} In Appellant's second assignment of error, he argues that he was denied his right to a speedy trial. We disagree.
 {¶ 30} Appellant appears to be referring to Count Three in this Assignment of Error as he states that the trial in this matter occurred on November 8, 2000.
 {¶ 31} A review of the record in this matter reveals that Appellant was indicted in this cause on May 1, 1996, with the summons of same being filed on May 2, 1996.
 {¶ 32} On May 2, 1996, a recognizance bond in the amount of $5,000.00 was ordered.
 {¶ 33} On May 8, 1996, Appellant was arraigned, entered a plea of not guilty, and was released on bond.
 {¶ 34} On May 21, 1996, Appellant filed a Demand for Discovery.
 {¶ 35} On July 1, 1996, Appellant filed a Motion to Sever the third count in the indictment from the remaining counts.
 {¶ 36} By Entry dated July 3, 1996, this matter was set for trial on August 29, 1996.
 {¶ 37} On July 8, 1996, the trial court denied Appellant's motion to sever.
 {¶ 38} On July 29, 1996, Appellant filed a motion for a change of venue, with an oral hearing requested, another motion to sever, with an oral hearing requested, a motion to compel discovery, with an oral hearing requested, and a motion to recuse, with an oral hearing requested.
 {¶ 39} On July 30, 1996, Appellant filed a Motion for Extention [sic] of pre-trial motions, a Motion for Dismissal of all counts, with an oral hearing requested, a motion *Page 7 
for appointed council [sic] with an oral hearing requested, a Request for Recording, and a Motion for Continuance of the trial set for August 29, 1996.
 {¶ 40} By Journal Entry dated August 6, 1996, the trial court set a hearing on all pending motions for August 19, 1996, at 10:30 p.m.
 {¶ 41} On August 8, 1996, Appellant filed a Motion to Compel Discovery, oral hearing ammended [sic].
 {¶ 42} On August 12, 1996, Appellant filed a Request for Restraining Order as to Linda and Ronzal King, Sr. and Angel and Ronzal King, Jr.
 {¶ 43} By Journal Entry filed August 22, 1996, the trial court re-scheduled the jury trial in this matter for November 14, 1996.
 {¶ 44} By Journal Entry filed August 28, 1996, the trial court denied Appellant's motion to recuse; denied Appellant's motion to dismiss; denied Appellant's motion for appointed counsel; denied Appellant's motion for audio recording of all court proceedings; denied Appellant's motion for restraining order; and continued Appellant's motions for severance of the counts in the indictment and change of venue.
 {¶ 45} By separate Journal Entry filed August 28, 1996, the trial court ordered the State to provide discovery to Appellant no later than September 13, 1996.
 {¶ 46} By Journal Entry filed November 4, 1996, the trial court scheduled a hearing on all pending motions for November 12, 1996 at 10:30 a.m.
 {¶ 47} On November 8, 1996, Appellant filed a Motion to Exempt Discovery, with an oral hearing requested.
 {¶ 48} By Entry filed November 12, 1996, the trial court re-assigned the trial date for December 17, 1996. *Page 8 
 {¶ 49} By Entry filed November 13, 1996, the trial court granted Appellant's Motion to Sever count three of the indictment, denied the "motion to exempt discovery" and re-affirmed the continuance of the November 14, 1996, trial date to December 17, 1996, based upon Appellant's need to retain counsel prior to trial.
 {¶ 50} On December 11, 1996, Appellant filed a Notice of Appeal of the trial court's November 13, 1996, ruling to the Fifth District Court of Appeals.
 {¶ 51} This appeal to the 5th District tolled the time until March 5, 1998, the date of this Court's Opinion and Entry dismissing Appellant's appeal.
 {¶ 52} By Judgment Entry filed March 9, 1998, the trial court set a jury trial in this matter for March 31, 1998. The trial court also filed an Entry on that day determining that appellant was indigent and appointing the Ohio Public Defender's Office to represent Appellant.
 {¶ 53} On March 13, 1998, Appellant filed an appeal from this Court's dismissal of his appeal to the Ohio Supreme Court, once again tolling the time in this case.
 {¶ 54} On March 17, 1998, Appellant filed a Motion for Continuance of the March 31, 1998, trial date and also executed a waiver of his right to a speedy trial on said date.
 {¶ 55} By Entry dated April 27, 1998, the Ohio Supreme Court dismissed Appellant's appeal. Said Entry was docketed by the Muskingum County clerk on May 14, 1998.
 {¶ 56} A new trial was scheduled for September 1, 1998, by Entry docketed on May 20, 1998.
 {¶ 57} On May 28, 1998, Appellant, through counsel, filed a Motion for Bill of Particulars and a Request for Discovery. *Page 9 
 {¶ 58} On August 14, 1998, Appellant filed a Motion for Continuance of Trial, reaffirming his waiver of his statutory right to a speedy trial.
 {¶ 59} On August 21, 1998, the trial court re-scheduled Appellant's trial to September 29, 1998.
 {¶ 60} On September 24, 1998, Appellant filed another Motion for Continuance of Trial, with a new signed waiver of his speedy trial rights attached thereto.
 {¶ 61} By Entry filed December 7, 1998, a new trial was set for May 4, 1999.
 {¶ 62} On April 5, 1999, a notice of substitution of counsel was filed for Appellant.
 {¶ 63} On April 12, 1999, Appellant filed a document captioned "Judicial Notice".
 {¶ 64} On April 21, 1999, Appellant filed a Notice of Dismissal of Counsel, stating that he fired his trial counsel, effective immediately.
 {¶ 65} By Entry filed April, 28, 1999, the trial court released the State Public Defender from representation and continued the trial schedule for May 4, 1999.
 {¶ 66} On June 1, 1999, Appellant filed a Motion for Oral Hearing for purposes of appointment of counsel.
 {¶ 67} Following a hearing on same, the trial court, on June 23, 1999, appointed new counsel for Appellant.
 {¶ 68} On June 7, 1999, Appellant filed a document captioned "Jurisdictional Plea, Oral Hearing Requested, Jura Novit Curia".
 {¶ 69} The trial court held a hearing on said motion on July 21, 1999.
 {¶ 70} On July 27, 1999, the trial court, upon Appellant's request, appointed the Public Defender to represent Appellant and re-scheduled the trial for August 31, 1999. *Page 10 
 {¶ 71} On August 18, 1999, Appellant filed a Notice of Withdrawal of Waiver for Speedy Trial.
 {¶ 72} A pre-trial was held and on August 31, 1999, the trial court docketed a Journal Entry setting a motion cut-off date of January 2, 2000, and rescheduling the trial for February 22, 2000.
 {¶ 73} By Journal Entry docketed January 28, 2000, the trial court, upon request of Appellant, continued the trial date.
 {¶ 74} On July 11 and 12, 2000, Appellant was tried before a jury on a case which is not the subject of this appeal. After deliberations, the jury returned a verdict of guilty. At that time the trial court ordered Appellant to be remanded to jail pending the pre-sentence investigation due to the fact that he had failed to report to the probation department while on bond.
 {¶ 75} On July 12, 2000, the trial date was re-set for October 19, 2000.
 {¶ 76} On July 27, 2000, Appellant filed a Writ of Habeas Corpus with the Fifth District Court of Appeals.
 {¶ 77} On August 31, 2000, Appellant was released on a Recognizance Bond.
 {¶ 78} The trial was rescheduled for October 19, 2000.
 {¶ 79} On October 3, 2000, Appellant filed a motion for the recusal of Judge Charles F. Knapp, who was sitting by assignment in this case. Appellant also filed a separate Motion for Continuance on the same date.
 {¶ 80} By entry dated October 6, 2000, the trial court granted Appellant's motion to continue and rescheduled the trial on only Count Three to November 8, 2000. *Page 11 
 {¶ 81} On October 27, 2000, Appellant filed a Motion for Continuance for the November 8, 2000, trial date.
 {¶ 82} By entry dated October 30, 2000, the trial court denied Appellant's motion to continue.
 {¶ 83} On November 1, 2000, Appellant filed a Motion to Suppress Evidence and Witnesses, a Motion for an Evidentiary Hearing, a separate Motion in Limine, a Motion for Witness Statements and a Motion for Jury Questionnaires. Appellant also filed a Reply to Discovery on this date.
 {¶ 84} On November 6, 2000, the State filed a Motion to Amend Indictment.
 {¶ 85} By Entry dated November 8, 2000, the trial court granted said motion to amend the indictment.
 {¶ 86} The trial in this matter commenced on November 8, 2000, on Count Three of the Indictment, as amended, with the jury returning a verdict of guilty as charged.
 {¶ 87} Upon review, this Court finds that the delays in bringing this matter to trial were necessitated by Appellant's own filing of repeated motions for continuances, miscellaneous discovery and pre-trial motions, appeals, the firing of numerous defense attorneys and motions for the recusal of the judges.
 {¶ 88} Revised Code § 2945.72 governs extensions of time for bringing a defendant to trial. Such code section lists those events which toll the time that is calculated against a speedy trial. R.C. § 2945.72, provides in relevant part:
 {¶ 89} "(E) The time within which an accused must be brought to trial * * * may be extended * * * by * * * [a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused." *Page 12 
 {¶ 90} In addition, speedy trial days may be tolled by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H).
 {¶ 91} Based on the foregoing, Appellant's second assignment of error is overruled.
 III. {¶ 92} In Appellant's third assignment of error, he argues that the trial court erred by allowing a substantial amendment of the original indictment. We disagree.
 {¶ 93} The Third Count in the original indictment reads as follows:
 {¶ 94} ". . . that on or about the 17th day of December 1995, at Muskingum County, Ohio, David Untied, dba, Miracle Marketing, Inc. did with purpose to deprive the owner, Jeannie Quinn, of lawful U.S. currency, knowingly obtain or exert control over said property by deception, the value of said property being Three Hundred Dollars or more. . ."
 {¶ 95} The State moved to amend the Third Count to read:
 {¶ 96} ". . .that or on or about the 17th day of December 1995, at Muskingum County, Ohio, David Untied, dba, Miracle Marketing, Inc. did with purpose to deprive the owner, Jeannie Quinn, ofmiscellaneous toys, knowingly obtain or exert control over said property, by deception, the value of said property being Three Hundred Dollars or more. . ."
 {¶ 97} This motion was addressed on the record, prior to the commencement of the trial on November 8, 2000:
 {¶ 98} "THE COURT: What's this motion to amend the indictment? *Page 13 
 {¶ 99} "MR. MARTIN: The original indictment, I believe, contained the word "currency". We would request it be amended — the items that were allegedly purchased were miscellaneous toy items. It doesn't really change the nature of the offense or any of the applicable facts.
 {¶ 100} "THE COURT: No currency was involved?
 {¶ 101} "MR. MARTIN: Well, there was a check given in exchange for the miscellaneous toy items and the check was never honored.
 {¶ 102} "THE COURT: Mr. Untied, do you have anything to say?
 {¶ 103} "MR. UNTIED: Yes, Your Honor. I would like to, at this time, motion to dismiss the indictment. A careful reading of the indictment, even —
 {¶ 104} "THE COURT: I am talking about the motion to amend.
 {¶ 105} "MR. UNTIED: Motion to amend. I don't have anything to say to that motion, Your Honor.
 {¶ 106} "THE COURT: All right. It will be granted. (T. at 6-7).
 {¶ 107} As evidenced by this excerpt from the transcript, Appellant did not object to the amendment to the indictment. Appellant actually, upon inquiry from the trial court, stated that he had no objection to said amendment.
 {¶ 108} A fundamental rule of appellate procedure is that a reviewing court will not consider as error any issue that a party failed to bring to the trial court's attention. Schade v. Carnegie Body Co. (1982),70 Ohio St. 2d 207, 210, 436 N.E.2d 1001. Thus, a party waives the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the trial court below. Van Camp v. Riley (1984), 16 Ohio App. 3d 457,463, 476 N.E.2d 1078. *Page 14 
 {¶ 109} Appellant's third assignment of error is overruled.
 IV. {¶ 110} In Appellant's fourth assignment of error, he argues that the trial court erred in not allowing defense exhibit "A" into evidence at trial. We disagree.
 {¶ 111} Defense Exhibit "A" was an alleged purchase order between Quality Imports and Miracle Marketing, Inc., with an invoice date of 12-14-95.
 {¶ 112} The trial court denied the admission of this exhibit for the reasons that no foundation had been laid for such document and that Appellant himself testified that he did not write it but that he had somebody type it and that it had his handwriting on it.
 {¶ 113} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180, 510 N.E.2d 343. As a general rule, all relevant evidence is admissible. Evid.R. 402. Therefore, our task is to look at the totality of the circumstances in the particular case under appeal, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. State v.Oman (Feb. 14, 2000), Stark App. No. 1999CA00027. We will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 114} Upon review, we find that the exclusion of the evidence in question based upon consideration of relevance and confusion did not constitute a misapplication of the *Page 15 
rules of evidence or a violation of appellant's constitutional rights.State v. Miller, 12th Dist. No. CA2005-02-04, 2006-Ohio-2799 at ¶ 30.
 {¶ 115} Appellant's fourth assignment of error is overruled.
 V. {¶ 116} In Appellant's fifth assignment of error, he argues that the jury verdicts in Case No. 96-CR-0066B were against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 117} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."Id. at paragraph two of the syllabus.
 {¶ 118} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin *Page 16 
(1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
 {¶ 119} In Case No. 96-CR-0066B, Appellant was charged with two counts of theft by deception, in violation of R.C. § 2913.02(A)(3), which states:
 {¶ 120} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 121} " * * *
 {¶ 122} "(3) By deception;
 {¶ 123} At trial, the jury heard three days of evidence, with ten witnesses testifying on behalf of the State of Ohio. The jury also had before it for its consideration 21 exhibits admitted by the State. Appellant, who chose to represent himself at trial, called six witnesses and had three exhibits admitted for the jury's consideration.
 {¶ 124} Appellant argues that because Ronzal King, Jr. did not testify, the State could not prove its case as to Count Two. However, Angel King, in addition to other witnesses, did testify as to such Count Two.
 {¶ 125} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus 1. We find the jury's verdicts of guilt on the theft by deception charges were not against the manifest weight or sufficiency of the evidence. *Page 17 
 {¶ 126} Appellant's fifth assignment of error is overruled.
 VI. {¶ 127} In Appellant's sixth assignment of error, he argues that the indictment in this matter was insufficient and constitutionally defective. We disagree.
 {¶ 128} Appellant argues that the indictment in the instant case "failed to set forth any essential facts showing the element of "[d]eception". Appellant relies on State v. Luna (1994),96 Ohio App.3d 207, in support of this assignment of error.
 {¶ 129} Upon review, we find Appellant's reliance on Luna, supra, to be misplaced in that the indictment in the Luna case failed to set forth the element of deception as well as failing to set forth the jurisdiction of the crime.
 {¶ 130} In the instant case, the indictment specifically states that Appellant in Count One ". . . did with purpose to deprive the owner, Ronzal C. King, Sr. and Linda King, of lawful U.S. currency, knowingly obtain or exert control over said property by deception, the value of said property being Five Thousand Dollars or more. . . .", and in Count Two ". . . did with purpose to deprive the owner, Ronzal C. King, Jr. and Angel King of lawful U.S. currency, knowingly obtain or exert control over said property by deception, the value of said property being Five Thousand Dollars or more. . . ."
 {¶ 131} We therefore find that the indictment on Counts One and Two was not insufficient nor was same constitutionally defective.
 {¶ 132} Appellant's sixth assignment of error is overruled.
 VII. {¶ 133} In Appellant's seventh and final assignment of error, he argues that the charges of theft by deception were unconstitutional. We disagree. *Page 18 
 {¶ 134} Appellant argues that theft by deception charges are unconstitutional based on Article I, Section 10 of the United States Constitution.
 {¶ 135} Section 10, Article I, United States Constitution, the Ex Post Facto Clause of the United States Constitution, provides, in pertinent part, that "[n]o state shall * * * pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."
 {¶ 136} As set forth in Collins v. Youngblood (1990), 497 U.S. 37, 41,110 S.Ct. 2715, 111 L.Ed.2d 30, a violation of the Ex Post Facto Clause occurs only in the following situations:
 {¶ 137} "1. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.
 {¶ 138} "2. Every law that aggravates a crime, or makes itgreater than it was, when committed.
 {¶ 139} "3. Every law that changes the punishment, and inflicts agreater punishment, than the law annexed to the crime, when committed.
 {¶ 140} "4. Every law that alters the legal rules ofevidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order toconvict the offender." * * *
 {¶ 141} Upon review of Appellant's arguments contained in this assignment of error, we find no support for same. It is the duty of the appellant, not this Court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See, also, App.R. 16(A)(7); Loc.R. 7(A)(7)."It is not the function of this *Page 19 
court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996),114 Ohio App.3d 41, 60, 682 N.E.2d 1006. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists.Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 22. As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 31, citing Elyria Joint Venture v. BoardwalkFries, Inc. (Jan. 31, 2001), 9th Dist. No. 99CA007336. Further, this Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. See App.R. 12(A)(2); Loc.R. 7(E).
 {¶ 142} Appellant's seventh assignment of error is overruled.
 {¶ 143} Appellant's sentences and convictions entered in the Court of Common Pleas, Muskingum County, Ohio, are affirmed.
Farmer, P. J., and Edwards, J., concurs.
 JUDGMENT ENTRY
For the reasons set forth in our accompanying Opinion, appellant's sentence entered in the Court of Common Pleas, Muskingum County, Ohio, is affirmed. Costs assessed to appellant. *Page 1