[Cite as *Stark Cty. Treas. v. Rachel*, 2023-Ohio-99.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STARK COUNTY TREASURER | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2022 CA 00026 |
| DANIEL RACHEL | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2021 CV 01030 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | January 12, 2023 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| KYLE L. STONE<br>PROSECUTING ATTORNEY<br>GERARD T. YOST<br>ASSISTANT PROSECUTOR<br>110 Central Plaza South, Suite 510<br>Canton, Ohio 44702 | DANIEL RACHEL<br>PRO SE<br>P. O. Box 43146<br>Orient, Ohio 43146 |

*Wise, J.*

{¶1}   Defendant-Appellant, Daniel Rachel, appeals from the February 7, 2022, Judgment Entry by the Stark County Court of Common Pleas. Plaintiff-Appellee is Treasurer of Stark County. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On May 11, 2021 Appellee filed a complaint for foreclosure for unpaid and delinquent real estate taxes for Stark County parcel number 16-05347.

{¶3}   On May 17, 2021, Appellee perfected service on Appellant.

{¶4}   On June 17, 2021, Appellant filed an Answer claiming the indebtedness was forgiven.

{¶5}   On July 20, 2021, this matter proceeded to the Court of Common Pleas for the judicial foreclosure.

{¶6}   On July 29, 2021, Appellee filed a Motion for Summary Judgment.

{¶7}   On August 25, 2021, Appellant filed a Response to Appellee's Motion for Summary Judgment.

{¶8}   On August 27, 2021, Appellee filed a Reply.

{¶9}   On February 1, 2022, the trial court granted Appellee's Motion for Summary Judgment.

{¶10}  On February 7, 2022, the trial court issued a decree of foreclosure and order of sale.

## ASSIGNMENTS OF ERROR

{¶11}  Appellant filed a notice of appeal and herein raises the following four Assignments of Error:

{¶12} "I. THE LOWER COURT DID NOT RECIEVE [sic] AN ACCURATE ACCOUNTING OF THE TAX BILLS FOR ANY OF THE YEARS CLAIMED BY THE PLAINTIFF AND REQUESTED BY THE DEFENDANT. THERE IS A VERY LARGE DIFFERENCE.

{¶13} "II. THE LOWER COURT DID NOT RECIEVE [sic] AND THE DEFENDANT DID NOT RECIEVE [sic] ANY EXPLANATION FOR THE $3211.63 DELINQUENT SPECIAL ASSESSMENTS LISTED ON THE TAX BILL AND REQUESTED BY THE DEFENDANT, NOW DEMANDED.

{¶14} "III. THERE HAS BEEN NO PROOF OF SERVICE OR PUBLIC NOTICE FOR ANY SPECIAL ASSESSMENT FOR THE $3211.63 SHOWN ON THE TAX BILL AND REQUESTED BY THE DEFENDANT, NOW DEMANDED.

{¶15} IV. THE LOWER COURT FAILED TO CONSIDER THAT WHEN THE DEFENDANT WAS NOTIFIED [sic] HE STILL OWNED THE PROPERTY IN JULY OF 2021 BY THE PLAINTIFF THE DEFENDANT NOTIFIED THE PLAINTIFF THE PROPERTY WAS INCLUDED IN THE DEFENDANTS [sic] 2005 BANKRUPTCY. THE DEFENDANT IMMEDIATELY SENT A PAYMENT TO THE PLAINTIFF WITH THE OFFER TO SURRENDER THE PROPERTY IN LUE [sic] OF FORCLOSURE [sic] THE PLAINTIFF RESPONDED BY RETURNING THE PAYMENT AND STATING PLAINTIFF WAS REQUESTING FORCLOSURE [sic] IN THE COURTS [sic]"

**I., II., III., IV.**

{¶16} Appellant summarily argues the trial court did not receive accurate information as to the taxes owed, Appellant did not receive proof of service of the tax bill, and that Appellant sent a payment.

**{¶17}**  Appellant has the burden of demonstrating an error on appeal. *See*, App.R. 16(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Untied*, 5th Dist. Muskingum No. CT2006-0005, 2007-Ohio-1804, ¶141, quoting *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999 WL 61619 (Feb.9, 1999). *See*, *also*, App.R. 16(A)(7).

**{¶18}**  "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *State v. Romy*, 5th Dist. Stark No. 2020 CA 00066, 2021-Ohio-501, 168 N.E.3d 86, ¶35, citing *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, ¶14. Therefore, we may disregard assignments of error Appellant presented for review since he failed to identify in the record the error on which the assignment of error is based and any supporting legal authority. App.R. 12(A)(2).

**{¶19}**  Appellants have not supported their general argument with citations to the record. Furthermore, Appellant's argument fails to cite statutes, case law, rules of evidence, rules of civil procedure, or learned treatises, and apply the facts of the case to the legal authority. Consequently, we find that Appellant has not presented an argument, but rely only upon the assertion of error, and we thus disregard these assignments of error.

{¶20} Accordingly, Appellant's first, second, third, and fourth Assignments of Error are overruled.

{¶21} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby dismissed.


By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.


JWW/br 0110