[Cite as *Whittington v. Hill*, 2023-Ohio-835.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  | JUDGES: |
| --- | --- | --- |
| RICHARD WHITTINGTON | : | Hon. John W. Wise, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 22CA0104 |
| ELIZABETH HILL, et al. | : |  |
|  | : |  |
| Defendants-Appellees | : | OPINION |


CHARACTER OF PROCEEDING:       Civil appeal from the Licking County
                               Municipal Court, Case No. 22CVE01222


JUDGMENT:                      Dismissed


DATE OF JUDGMENT ENTRY:        March 16, 2023


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee Kenna Hill

Richard Whittington                     Kenna Hill
245 Eddy Street, Apt. D                 659 East Main Street
Newark, Ohio  43055                     Newark, Ohio  43055

*Wise, P.J.*

{¶1}　Plaintiff-Appellant Richard Whittington appeals the October 17, 2022, decision of the Licking County Municipal Court finding in favor of Defendants-Appellees Elizabeth Hill and Kenna Hill following a bench trial.

{¶2}　This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

> (E) Determination and judgment on appeal.

> The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form

> The decision may be by judgment entry in which case it will not be published in any form.

{¶3}　This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶4}　On July 5, 2022, Appellant Richard Whittington filed an action for money damages on a tort claim in the Licking County Municipal Court naming Kenna Hill and Elizabeth Hill as defendants.　Appellant alleged that Kenna Hill was the driver of a vehicle which caused an automobile accident which resulted in injuries to Appellant. Elizabeth Hill is the owner of the vehicle driven by Kenna Hill.

{¶5}　On September 19, 2022, the matter proceeded to trial. Present at the trial were Richard Whittington and Elizabeth Hill. The testimony presented at trial indicated

that there was an automobile accident and that as a result of the accident Appellant and his ex-wife Eudora suffered physical injuries.

**{¶6}** Appellant testified that on the day of the accident, his ex-wife Eudora was driving a car which was involved in an accident with a car owned by Elizabeth Hill and being driven by Kenna Hill. Appellant testified that he was following Eudora in a U-Haul truck.  Appellant testified that his injuries occurred when he fell out of the U-Haul truck because he was panicking when he exited the truck after the accident. (T. at 4-6, 9-10).

**{¶7}** Appellant testified that the U-Haul truck was not involved in the accident. (T. a 6). He further testified that the car being driven by Eudora Whittington had not yet been titled in his name, and that his insurance company paid the car dealership and the car was also returned to the dealership. (T. at 7).

**{¶8}** Elizabeth Hill testified that she is the owner of the vehicle involved in the accident, and that on the day in question her brother Jason Burchard was driving the vehicle. (T. at 20-21).

**{¶9}** At the conclusion of the trial the court took the matter under advisement.

**{¶10}** By Judgment Entry filed October 17, 2022, the trial court found in favor of Appellee, finding that Appellant failed to prove that Appellee was negligent with regard to the automobile accident and further failed to prove that the accident was the proximate cause of his injuries.

**{¶11}** Appellant now appeals.

## Analysis

**{¶12}** We begin by noting Appellant has failed to comply with App. R. 16 and Local App.R. 9.

{¶13} App.R. 16(A) provides: The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * *

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶14} Appellant has the burden of demonstrating an error on appeal. *See*, App.R. 16(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Untied*, 5th Dist. Muskingum No. CT2006-0005, 2007-Ohio-1804, ¶141,

quoting *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999 WL 61619 (Feb. 9, 1999).

*See*, *also*, App.R. 16(A)(7).

{¶15} Appellant's brief does not satisfy the requirements of App.R. 16 and Local

R. 9 in any of the above respects, not the least of which it does not present this Court with

a stated assignment of error. Such deficiency is tantamount to the failure to file a brief.

{¶16} Pursuant to App.R. 18(C)[1] we hereby dismiss this appeal for failure to file a

brief.


By Wise, P.J.

Delaney, J., and

Baldwin, J., concur.



JWW/kw 0314

---

[1] **(C) Consequence of Failure to File Briefs.** If an appellant fails to file the appellant's brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal.