[Cite as *State v. Crawford*, 2024-Ohio-4454.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SHANTIA CRAWFORD, | : | Case No. 2023 CA 0073 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Richland County
                             Court of Common Pleas, Case No.
                             2023 CR 0113


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            September 9, 2024


APPEARANCES:

                             For Defendant-Appellant

                             GREGORY SCOTT ROBEY
                             Robey & Robey
                             14402 Granger Road
                             Cleveland, Ohio 44137

*Baldwin, J.*

{¶1} The appellant appeals her sentence following her plea of guilty to Trafficking in a Fentanyl Related Compound, Possession of a Fentanyl Related Compound, Trafficking in Heroin, and Possession of Heroin. The appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} On April 21, 2023, the appellant was indicted for Trafficking in Fentanyl Related Compound in violation of R.C. §2925.03(A)(2) and (C)(9)(f), Possession of a Fentanyl Related Compound in violation of R.C. §2925.11 (A) and (C)(11)(e), Trafficking in Heroin in violation of R.C. §2925.03(A)(2) and (C)(6)(e), and Possession of Heroin in violation of R.C. §2925.11(A) and (C)(6)(d). The appellant entered a plea of not guilty to the indictment.

{¶3} On June 30, 2023, the appellant filed a Motion to Suppress.

{¶4} On July 7, 2023, the trial court denied the appellant's Motion to Suppress.

{¶5} On October 26, 2023, the appellant changed her plea to guilty on all four counts.

{¶6} On November 27, 2023, the appellant was sentenced to an indefinite prison term of six to nine years and fined $10,000 plus court costs.

{¶7} The appellant filed a timely appeal, and sets forth the following two assignments of error:

{¶8} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED AN AGGREGATE INDEFINITE PRISON TERM OF 6-9 YEARS, WHICH IS NOT SUPPORTED BY THE RECORD."

{¶9} "II. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN FAILING TO TIMELY FILE A MOTION TO WAIVE MANDATORY DRUG FINE AND COSTS, BASED UPON INDIGENCY, PRIOR TO THE SENTENCING HEARING."

## I.

{¶10} In her first assignment of error, the appellant argues the trial court erred in sentencing her to a prison term of six to nine years as this sentence is not supported by the record. We disagree.

### STANDARD OF REVIEW

{¶11} Felony sentences are reviewed under R.C. §2953.08(G)(2). *State v. Goings*, 2014-Ohio-2322 (6th Dist.), ¶20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 2016-Ohio-4759 (6th Dist.), ¶7, citing R.C. §2953.08(G)(2). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954).

### ANALYSIS

{¶12} The appellant pleaded guilty to Trafficking in Fentanyl Related Compound in violation of R.C. §2925.03(A)(2) and (C)(9)(f), Possession of a Fentanyl Related Compound in violation of R.C. §2925.11 (A) and (C)(11)(e), Trafficking in Heroin in

violation of R.C. §2925.03(A)(2) and (C)(6)(e), and Possession of Heroin in violation of R.C. §2925.11(A) and (C)(6)(d).

{¶13} R.C. §2925.03 provides, in pertinent part:

(A)     No person shall knowingly do any of the following:

* *

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance analog is intended for sale or resale by the offender or another person.

(C) Whoever violates division (A) of this section is guilty of one of the following:

* *

(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of trafficking in heroin. The penalty for the offense shall be determined as follows:

* *

(e) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses or equals or exceeds ten grams but is less than fifty grams, trafficking in heroin is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory

prison term. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school, in the vicinity of a juvenile, or in the vicinity of a substance addiction services provider or a recovering addict, trafficking in heroin is a felony of the first degree, and the court shall impose as a mandatory prison term a first degree felony mandatory prison term.

* *

(9) If the drug involved in the violation is a fentanyl-related compound or a compound, mixture, preparation, or substance containing a fentanyl-related compound and division (C)(10)(a) of this section does not apply to the drug involved, whoever violates division (A) of this section is guilty of trafficking in a fentanyl-related compound. The penalty for the offense shall be determined as follows:

* *

(f) If the amount of the drug involved equals or exceeds two hundred unit doses but is less than five hundred unit doses or equals or exceeds twenty grams but is less than fifty grams and regardless of whether the offense was committed in the vicinity of a school, in the vicinity of a juvenile, or in the vicinity of a substance addiction services provider or recovering addict, trafficking in a fentanyl-related compound is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

{¶14}  R.C. §2925.11 provides, in pertinent part:

(A)     No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

* *

(C)     Whoever violates division (A) of this section is guilty of one of the following:

* *

(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin. The penalty for the offense shall be determined as follows:

* *

(d) If the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses or equals or exceeds ten grams but is less than fifty grams, possession of heroin is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory prison term.

* *

(11) If the drug involved in the violation is a fentanyl-related compound and neither division (C)(9)(a) nor division (C)(10)(a) of this section applies to the drug involved, or is a compound, mixture, preparation, or substance that contains a fentanyl-related compound or is a combination of a fentanyl-related compound and any other controlled substance and neither division (C)(9)(a) nor division (C)(10)(a) of this section applies to the drug involved,

whoever violates division (A) of this section is guilty of possession of a fentanyl-related compound. The penalty for the offense shall be determined as follows:

* *

(e) If the amount of the drug involved equals or exceeds two hundred unit doses but is less than five hundred unit doses or equals or exceeds twenty grams but is less than fifty grams, possession of a fentanyl-related compound is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

{¶15} R.C. §2929.14(A) addresses prison terms:

(1)(a) For a felony of the first degree committed after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]

* *

(2)(a) For a felony of the second degree committed after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]

**{¶16}** In the case *sub judice*, the trial court judge merged counts one, two, three, and four. Thus, the appellant's possible sentence for the Trafficking in Fentanyl Related Compound offense, a first-degree felony, was three, four, five, six, seven, eight, nine, ten, or eleven years. The trial court imposed a prison term of six to nine years, which is within statutory parameters.

**{¶17}** R.C. §2929.11 addresses the purposes of felony sentencing, and states in pertinent part:

(A)      A court that sentences an on offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B)      A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and

consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶18}** R.C. 2929.12 addresses the factors the trial court must take into account when imposing sentence in felony matters, and provides in pertinent part:

(A)     Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(D) The sentencing court shall consider all of the following that apply regarding the offender and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

* *

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. Of the Revised Code prior to January 1, 2002, or pursuant

to Chapter 2152. Of the Revised Code, or the offender has a history of criminal convictions.

* *

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

* *

(5) The offender shows genuine remorse of the offense.

**{¶19}** The appellant argues that the trial court abused its discretion when imposing a sentence because it failed to take into account that she showed remorse for her actions, alleges the appellant did not expect to cause harm by trafficking fentanyl, and that the trial court gave unfair weight to the weight and type of drug involved. We disagree.

**{¶20}** The trial court noted during the sentencing hearing that while the appellant was cooperative with police, she had a criminal record as a juvenile, and as an adult, she had been convicted of disorderly conduct five times as well as conspiracy to distribute narcotics. She has previously spent time in a federal penitentiary on a trafficking charge. The appellant does not point to any place in the record demonstrating that the appellant sincerely did not expect to cause harm by trafficking fentanyl.

**{¶21}** This court recently addressed sentencing issues in *State v. Worden*, 2022-Ohio-4648 (5th Dist.), ¶27:

> R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12 *State v. Jones*

163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

**{¶22}** The sentence imposed by the trial court on the charges to which the appellant pleaded guilty complies with the applicable sentencing statutes. The sentence was within the statutory sentencing range. The appellant has not shown that the trial court imposed the sentence based upon impermissible considerations, for example, considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12. The record contains evidence supporting the trial court's findings based upon the applicable law. The trial court did not err in imposing a sentence upon the appellant, and we find no basis for concluding that the trial court's decision is contrary to law.

**{¶23}** The overriding purposes of felony sentencing are, inter alia, to punish the offender and to protect the public from future crimes by the offender. The sentence imposed by the trial court in this case achieves the aforesaid statutory purposes, as it punishes the appellant for her offense and protects the public from future crimes by the appellant. The trial court discussed the appellant's criminal history during the sentencing hearing. To achieve the purposes of felony sentencing in this case, the trial court properly considered the appellant's history, the need to incapacitate the appellant, and the need to deter the appellant, and others, from committing future crimes.

**{¶24}** Based on the foregoing, we find that the trial court did not err when it sentenced the appellant. The trial court's sentencing on the charges to which the

appellant pleaded guilty complies with the applicable rules and sentencing statutes. While the appellant may disagree with the way in which the trial court weighed those factors, her sentence was within the applicable statutory range. Accordingly, there is no basis upon which to conclude that the sentence imposed by the trial court is contrary to law.

**{¶25}** Accordingly, the appellant's first Assignment of Error is overruled.

## II.

**{¶26}** In her second assignment of error, the appellant summarily argues she was deprived of effective assistance of counsel as her trial counsel failed to timely file a motion to waive mandatory drug fines and costs. We disagree.

### STANDARD OF REVIEW

**{¶27}** The standard of review for ineffective assistance of counsel was set forth in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and was discussed by this court in *Mansfield v. Studer*, 2012-Ohio-4840 (5th Dist.):

> A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, [113 S.Ct. 838]; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶28}** In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both prongs of *Strickland and Bradley. Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009).

**{¶29}** To show deficient performance, the appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland* at 688. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland* at 687. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial process. *Strickland* at 688.

Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.*

In light of the "variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689, 104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689, 104 S.Ct. at 2064.

*Studer, Supra*, at ¶¶58-61.

**{¶30}** To demonstrate prejudicial ineffective assistance of counsel, the appellant must show a "reasonable probability that but for counsel's errors, the result of the trial would have been different." *Strickland* at 687-688. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

### ANALYSIS

**{¶31}** The appellant summarily argues that her trial counsel was ineffective for failing to request a waiver of fines and costs. However, appellants have the burden of demonstrating an error on appeal. *See*, App.R. 16(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Untied*, 2007-Ohio-1804 (5th Dist.), ¶141.

**{¶32}** The appellant did not support her argument with any citations to the record. The appellant failed to demonstrate that she filed an affidavit of indigency at the trial court.

Furthermore, the record shows the appellant retained private counsel for proceedings at the trial court. Therefore, the appellant failed to show that a request for waiver of fines or costs would have had a reasonable probability of success. Accordingly, the appellant failed to show she was prejudiced by any alleged ineffectiveness of trial counsel.

{¶33} The appellant's second Assignment of Error is overruled.

## CONCLUSION

{¶34} For the forgoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.